Kyle W. Parker, ABA No. 9212124
David J. Mayberry, ABA No. 9611062
HOLLAND & HART LLP
1029 W. 3rd Avenue, Suite 550
Anchorage, Alaska 99501
Telephone:   (907) 865-2600
Facsimile:    (907) 865-2680
kwparker@hollandhart.com
djmayberry@hollandhart.com

*Attorneys for Alaska Industrial Development
and Export Authority*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GWICH'IN STEERING COMMITTEE, *et al.*,<br><br>                    Plaintiffs,<br>vs.<br><br>DAVID BERNHARDT, in his official capacity as Secretary of the Interior, *et al.*,<br><br>                    Defendants,<br><br>And<br><br>NORTH SLOPE BOROUGH, *et al.*<br><br>                    Intervenor-Defendants | Case No. 3:20-cv-00204-SLG<br><br>**ALASKA INDUSTRIAL DEVELOPMENT AND EXPORT AUTHORITY'S MOTION TO INTERVENE** |

Alaska Industrial Development and Export Authority ("AIDEA") hereby moves to intervene in this action pursuant to Federal Rules of Civil Procedure 24(a) and 24(b). AIDEA seeks to participate in all stages and elements of this resolution of this action.

For the reasons discussed below, AIDEA should be granted leave to intervene as of right or, in the alternative, in the Court's discretion.

Counsel for AIDEA has contacted counsel for Plaintiffs, Defendants, and the existing intervenors regarding this intervention. Counsel for the Plaintiffs indicated that Plaintiffs reserve their position until they have had the opportunity to review the motion. Counsel for the Defendants indicated that Defendants take no position on AIDEA's motion. Counsel for Intervenors the Alaska Oil & Gas Association and the American Petroleum Institute indicated that they do not oppose AIDEA's motion. Counsel for Intervenors the North Slope Borough, Kaktovik Iñupiat Corporation, and Native Village of Kaktovik indicated that they do not oppose AIDEA's motion. Counsel for Intervenor the State of Alaska indicated that the State does not oppose the motion.

## BACKGROUND

### A. AIDEA

AIDEA is a public corporation of the State of Alaska, constituting a political subdivision under the laws of the State. Declaration of Alan Weitzner ("Weitzner Decl.") at ¶ 2. AIDEA was created in 1967 by the Alaska Legislature to "promote, develop and advance the general prosperity and economic welfare of the people of Alaska, to relieve problems of unemployment, and to create additional employment." *Id.*

AIDEA accomplishes this through its development project finance programs. Weitzner Decl. at ¶ 2. Development finance is the effort of the State to support,

AIDEA'S MOTION TO INTERVENE
*Gwich'in Steering Committee, et al. v. David Bernhardt, et al.* Case No. 3:20-cv-00204-SLG
Page 2 of 20

Case 3:20-cv-00204-SLG   Document 72   Filed 02/08/21   Page 2 of 20

encourage and catalyze enterprise growth. *Id.* It is a tool to help make a project successful, and in turn, to create a benefit for the long-term economic health of the State and its citizens. *Id.* Development finance is a proactive approach towards finance intended to assist enterprise economic development projects; it leverages valuable public resources to support significant private sector investment. *Id.*

**B.     1002 Area Lease Sale**

This Court is familiar with the history of the Coastal Plain Oil and Gas Lease Sale ("1002 Area Lease Sale") held on January 6, 2021 by virtue of deciding motions for preliminary injunction related to the sale. *See* Order Denying Motion for Preliminary Injunction, Docket Nos. 3:20-cv-00204, 3:20-cv-00205, and 3:20-cv-00223 (D. Ak. January 5, 2021). AIDEA will not burden the Court with repetitious background on the history of the 1002 Area Lease Sale but will supplement the information previously recounted by the Court (Order Denying Motion for Preliminary Injunction at pgs. 3-12) with events that have occurred since the Court's decision on preliminary injunction and that are specific to AIDEA's motion to intervene.

When Bureau of Land Management ("BLM") announced that it would hold the 1002 Area Lease Sale, AIDEA leadership considered whether to participate. Weitzner Decl. at ¶ 7. Ultimately, AIDEA chose to participate in the 1002 Area Lease Sale to further its mission to increase job opportunities and otherwise encourage the State's economic growth, including development of its natural resources. *Id.* Specifically,

AIDEA'S MOTION TO INTERVENE
*Gwich'in Steering Committee, et al. v. David Bernhardt, et al.* Case No. 3:20-cv-00204-SLG
Page 3 of 20

Case 3:20-cv-00204-SLG   Document 72   Filed 02/08/21   Page 3 of 20

AIDEA's purpose in participating in the 1002 Area Lease Sale is to support mineral resource exploration and development in the 1002 Area consistent with the directives of the Tax Cuts and Jobs Act of 2017. *Id.* AIDEA anticipates multiple public benefits related to the Project, including direct employment for exploration and possible development of oil and gas resources, indirect employment related to exploration and development activities, revenues paid to local and state governments and Alaska Native corporations, profits to AIDEA from its development investment, and re-investment into economic development projects within Alaska. *Id.*

After this Court denied the motions for preliminary injunction, the BLM moved forward with the 1002 Area Lease Sale on January 6, 2021, as planned. Exhibit A, BLM Press Release, January 6, 2021. BLM offered "22 tracts, spanning approximately 1.1 million acres of the eligible 156 million acres designated by Congress for oil and gas development and included in the 2020 Record of Decision for the Coastal Plain Oil and Gas Leasing Program." *Id.* BLM had withdrawn approximately 460,000 acres (10 tracts) from availability in the sale as a result of consultation with Alaska Native Tribes, nongovernmental organizations, and the Canadian government. *Id.* In the sale, BLM received 13 bids totaling $14,412,458 and covering 552,802 acres. *Id.*

AIDEA participated in the 1002 Area Lease Sale by submitting bids on eleven tracts and was the apparent high bidder on nine tracts. Weitzner Decl. at ¶ 8. AIDEA committed $12,018,825 covering 480,753 acres in bonus bids for the tracts on which it

AIDEA'S MOTION TO INTERVENE
*Gwich'in Steering Committee, et al. v. David Bernhardt, et al.* Case No. 3:20-cv-00204-SLG
Page 4 of 20

Case 3:20-cv-00204-SLG   Document 72   Filed 02/08/21   Page 4 of 20

was the high bidder. *Id.* Ultimately, AIDEA accepted the leases on seven tracts. *Id.* at ¶ 9. BLM issued AIDEA the executed leases for those seven tracts on January 13, 2021. *Id.* By virtue of accepting the seven leases, AIDEA has committed to pay BLM the balance of its bids as well as annual rental payments. *Id.* at ¶ 10. In sum, with signing of the leases, AIDEA has paid BLM $13,102,615 for the seven leases, including the fees and first year's annual lease payments. Over the next ten years, AIDEA expects to pay approximately $32.9 million in additional annual lease payments to BLM for the leases it acquired in the 1002 Area Lease Sale. *Id.*

C. **Plaintiffs' Challenge to the 1002 Area Lease Sale**

Plaintiffs in this action[1] challenge the validity of the 1002 Area Lease Sale, arguing that BLM's pre-lease analysis was deficient for failing to adequately analyze the impacts of the 1002 Area Lease Sale under various environmental laws and for alleged inconsistencies with applicable land use management statutes. Plaintiffs ask this Court for declaratory relief stating that BLM's determinations and those of the consulting agencies are unlawful and invalid; to "[v]acate and set aside as unlawful any and all agency approvals and underlying analysis documents, . . . , as well as any decision and documents based on the unlawful actions, including decisions to lease and leases;" and to

---

[1] This case is one of four separate actions challenging the 1002 Area Lease Sale. *See National Audubon Society v. Bernhardt*, Case No. 3:20-cv-00205-SLG; *Native Village of Venetie Tribal Government v. Bernhardt*, Case No. 3:20-cv-00223-SLG; and *State of Washington v. Bernhardt*,
(continued...)

AIDEA'S MOTION TO INTERVENE
*Gwich'in Steering Committee, et al. v. David Bernhardt, et al.* Case No. 3:20-cv-00204-SLG
Page 5 of 20

Case 3:20-cv-00204-SLG   Document 72   Filed 02/08/21   Page 5 of 20

enter injunctive relief barring "BLM from authorizing any activities under the Coastal Plain leasing program in reliance" on those documents. Am. Compl. at 73-74.

## ARGUMENT

AIDEA meets the standard for intervention as of right set forth in Federal Rule of Civil Procedure 24(a). First, AIDEA's motion is timely filed, and AIDEA's intervention will not delay or impede resolution of this matter. Second, AIDEA has a substantial property interest in the outcome of this litigation in the form of the leases it acquired in the 1002 Area Lease Sale. AIDEA was the high bidder and has accepted the leases for seven tracts. Weitzner Decl. at ¶ 9. AIDEA has already paid over $13 million in bonus bids, fees, and first year's annual lease payments and has signed lease agreements to pay an additional $32.9 million over the 10-year primary term of the leases. *Id.* at ¶ 10. Third, Plaintiffs' lawsuit threatens AIDEA's substantial interests by seeking an order that would vacate the leases AIDEA has acquired in the 1002 Area Lease Sale. *Id.* at ¶ 11. Fourth, AIDEA's interests are not adequately represented by any of the existing parties. *Id.* at ¶ 6. The federal government's obligation is to represent the interests of the general public, and this responsibility differs from that of AIDEA. AIDEA may wish to advance arguments or pursue strategies that would not be advanced or pursued by the federal

---

(...continued)
Case No. 3:20-cv-00224-SLG. Concurrently with this motion AIDEA is filing motions to intervene in the other three cases.

AIDEA'S MOTION TO INTERVENE
*Gwich'in Steering Committee, et al. v. David Bernhardt, et al.* Case No. 3:20-cv-00204-SLG
Page 6 of 20

Case 3:20-cv-00204-SLG   Document 72   Filed 02/08/21   Page 6 of 20

government, and AIDEA will be able to contribute factual information that may not be readily accessible to the federal government. The current intervenors include the State of Alaska, industry groups, local governments, and native corporations – none of which directly acquired leases in the 1002 Area Lease Sale. As such, their interests are different than AIDEA's, and, as with the federal government, AIDEA may wish to advance arguments or pursue strategies that the existing intervenors would not. Finally, granting AIDEA intervention is consistent with Ninth Circuit precedent allowing parties to intervene in National Environmental Policy Act ("NEPA") challenges where those parties have an existing legal right (*e.g.*, a contract, permit or lease) which a plaintiff seeks to restrict.

Alternatively, the Court should exercise its discretion and grant AIDEA permissive intervention under Federal Rule of Civil Procedure 24(b). AIDEA's defenses and arguments have questions in common with Plaintiffs' action. In addition, AIDEA's intervention will not unduly delay or otherwise prejudice the adjudication of the rights of the original parties to this action.

For these reasons, discussed further below, AIDEA should be granted leave to intervene in this action. A proposed order granting the relief requested is attached.

**I.    AIDEA Should Be Granted Intervention As Of Right**

Federal Rule of Civil Procedure 24(a)(2) provides that:

> On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or

AIDEA'S MOTION TO INTERVENE
*Gwich'in Steering Committee, et al. v. David Bernhardt, et al.* Case No. 3:20-cv-00204-SLG
Page 7 of 20

Case 3:20-cv-00204-SLG   Document 72   Filed 02/08/21   Page 7 of 20

> transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Based on this rule, the Ninth Circuit has established a four-part test that a party must meet to intervene as a matter of right:

> (1) the motion must be timely; (2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.

*Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011) (en banc).

The Ninth Circuit construes Federal Rule 24(a) liberally in favor of potential intervenors: "[i]n determining whether intervention is appropriate, we are guided primarily by practical and equitable considerations. We generally interpret the requirements broadly in favor of intervention." *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998); *see also Wilderness Soc'y*, 630 F.3d at 1179; *Southwest Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001). A "district court is required to accept as true the non-conclusory allegations made in support of an intervention motion," including statements set forth in a complaint or answer in intervention. *Southwest Ctr. for Biological Diversity*, 268 F.3d at 819-20. Importantly, the Ninth Circuit abandoned its rule that only the federal government could be a defendant in NEPA cases, finding other stakeholders should be allowed to intervene as of

AIDEA'S MOTION TO INTERVENE
*Gwich'in Steering Committee, et al. v. David Bernhardt, et al.* Case No. 3:20-cv-00204-SLG
Page 8 of 20

Case 3:20-cv-00204-SLG   Document 72   Filed 02/08/21   Page 8 of 20

right in the merits phase of a NEPA action so long as they could suffer some "practical impairment" from the action. *Wilderness Soc'y,* 630 F.3d at 1180-81.

As set forth below, AIDEA easily satisfies the Ninth Circuit's test for intervention. Therefore, AIDEA should be granted intervention as a matter of right.

### A. AIDEA's Motion is Timely.

The Ninth Circuit considers the following three factors when determining the timeliness of a motion to intervene: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *Peruta v. County of San Diego*, 824 F.3d 919, 940 (9th Cir. 2016) (en banc) (quoting *United States v. Alisal Water Corp.*, 370 F.3d 915, 921 (9th Cir. 2004)).

This litigation is at its earliest stages, with the motion practice regarding the administrative record not yet begun, and no schedule yet established for dispositive motions. AIDEA's interest in this litigation did not ripen until it decided to participate in the 1002 Area Lease Sale and was awarded leases. Upon receipt of leases, AIDEA has moved promptly to intervene to defend its newly-acquired property rights. AIDEA's motion to intervene is timely because this request comes prior to any substantive briefing. AIDEA will follow the deadlines and schedules set forth by this Court's Order re Joint Motion Addressing the Administrative Record (Doc. 39) and any other scheduling orders issued by the Court. As a result, AIDEA's request for intervention imposes no burden

AIDEA'S MOTION TO INTERVENE
*Gwich'in Steering Committee, et al. v. David Bernhardt, et al.* Case No. 3:20-cv-00204-SLG
Page 9 of 20

Case 3:20-cv-00204-SLG   Document 72   Filed 02/08/21   Page 9 of 20

or prejudice on the existing parties, has been promptly filed, and should be deemed timely.

### B. AIDEA Has A Significantly Protectable Interest In Defendants' Approvals.

"Whether an applicant for intervention demonstrates sufficient interest in an action is a practical, threshold inquiry. No specific legal or equitable interest need be established." *Forest Conserv. Council v. U.S. Forest Serv.*, 66 F.3d 1489, 1493 (9th Cir. 1995) (quoting *Greene v. United States*, 996 F.2d 973, 976 (9th Cir. 1993)), overruled in part on other grounds by *Wilderness Soc'y* 630 F.3d 1173. The "significantly protectable interest" requirement is satisfied when an intervenor has "any existing legal right, contract, or permits" relating to the interest the plaintiff seeks to enjoin, as opposed to a bare expectation of an interest. *Southwest Ctr. for Biological Diversity*, 268 F.3d at 819. An intervenor's interest "is obvious when he asserts a claim to property that is the subject matter of the suit." *Foster v. Gueory*, 655 F.2d 1319, 1324 (D.C. Cir. 1981). And federal oil and gas leases, such as those purchased by AIDEA in the 1002 Area Lease Sale, constitute both contracts and property interests. *See, e.g., Mobil Oil Exploration & Producing Southeast, Inc. v. United States*, 530 U.S. 604, 607-08 (2000) (recognizing contractual nature of federal oil and gas leases); *Conner v. Burford*, 848 F.2d 1441, 1461 n.50 (9th Cir. 1988) (acknowledging that onshore federal oil and lessees acquire properties rights in the leases). By virtue of its purchase of acquiring seven leases in the

AIDEA'S MOTION TO INTERVENE
*Gwich'in Steering Committee, et al. v. David Bernhardt, et al.* Case No. 3:20-cv-00204-SLG
Page 10 of 20

Case 3:20-cv-00204-SLG   Document 72   Filed 02/08/21   Page 10 of 20

1002 Area Lease Sale, AIDEA has acquired "significantly protectable interest[s]" that entitle AIDEA to intervene. *Southwest Ctr. for Biological Diversity*, 268 F.3d at 819.

A would-be intervenor must also establish a "relationship between the legally protected interest and the claims at issue." *Forest Conserv. Council*, 66 F.3d at 1494 (quoting *Sierra Club v. EPA*, 995 F.2d 1478, 1484 (9th Cir. 1993)). This "relationship" is satisfied when, as here, "the injunctive relief sought by plaintiffs will have direct, immediate, and harmful effects upon a third party's legally protected interests[.]" *Id.* at 1494, 1495 (state and county permitted to intervene because they had "tangible, concrete rights protected by various federal and state laws, as well as contracts with the federal government"); *see also Donnelly*, 159 F.3d at 410 (interest is related to the subject of the action when "the resolution of the plaintiff's claims actually will affect the applicant").

The relief sought by Plaintiffs would directly harm AIDEA. Plaintiffs ask this Court to vacate the leases for which AIDEA has already paid over $13 million (and committed to pay an addition $32.9 million) and to essentially reverse and vacate each and every finding, authorization, and permit supporting the leases. Am. Compl. at 73-74; Weitzner Decl. at ¶ 10. Plaintiffs' claims clearly jeopardize AIDEA's property and contractual interests in the leases it acquired in the 1002 Area Lease Sale. Accordingly, AIDEA has significantly protectable interests directly affected by Plaintiffs' claims.

AIDEA'S MOTION TO INTERVENE
*Gwich'in Steering Committee, et al. v. David Bernhardt, et al.* Case No. 3:20-cv-00204-SLG
Page 11 of 20

Case 3:20-cv-00204-SLG   Document 72   Filed 02/08/21   Page 11 of 20

### C. Disposition Of This Case Would Impair Or Impede AIDEA's Interests.

When determining whether a significantly protectable interest would be "impaired" or "impeded" by the disposition of a case, the Ninth Circuit follows the advisory committee notes to Federal Rule 24: "if an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene." *Southwest Ctr. for Biological Diversity*, 268 F.3d at 822 (quoting Fed. R. Civ. P. 24 advisory committee's notes). In other words, a non-party should be allowed to participate in the litigation if it would otherwise "be unfair to decide the case and injure the non-party." *See* 6 Moore's Federal Practice § 24.03[3][a] at 24-37.

AIDEA has acquired substantial property rights in the seven leases it won in the 1002 Area Lease Sale. As set forth above, Plaintiffs seek declaratory and injunctive relief that, at a minimum, will place a cloud on the title of AIDEA's newly-acquired leases. Even more directly, Plaintiffs are asking the Court to vacate the leases themselves as well as the "agency approvals and underlying analysis documents" supporting the 1002 Area Lease Sale. Am. Compl. at 73-74. Any of these remedies would impede AIDEA's protectable interests. These harms are sufficient to satisfy the practical impairment test required to intervene as a matter of right. *See*, *e.g.*, *Southwest Ctr. for Biological Diversity*, 268 F.3d at 822 (finding impairment when the invalidation of an

AIDEA'S MOTION TO INTERVENE
*Gwich'in Steering Committee, et al. v. David Bernhardt, et al.* Case No. 3:20-cv-00204-SLG
Page 12 of 20

Case 3:20-cv-00204-SLG   Document 72   Filed 02/08/21   Page 12 of 20

existing agreement between City and federal government would "legally and practically affect" would-be intervenor's projects already under consideration for approval).

### D. The Existing Parties Do Not Adequately Represent AIDEA's Interests.

"The burden on proposed intervenors in showing inadequate representation is minimal, and would be satisfied if they could demonstrate that representation of their interests 'may be' inadequate." *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003) (quoting *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972)); *see also Allied Concrete & Supply Co. v. Baker*, 904 F.3d 1053, 1067 (9th Cir. 2018) (the proposed intervenor is not adequately represented where its interests are "potentially more narrow and parochial" than the interests of existing parties). The showing that existing parties may not adequately represent a private party's interests "is not a strenuous test." *League of Wilderness Defenders – Blue Mtns. Biodiversity Proj. v. Forsgren*, 184 F. Supp. 2d 1058, 1061 (D. Or. 2002).

The Ninth Circuit considers the following factors when determining whether a would-be intervenor's interests will be adequately represented by an existing party:

> (1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect.

AIDEA'S MOTION TO INTERVENE
*Gwich'in Steering Committee, et al. v. David Bernhardt, et al.* Case No. 3:20-cv-00204-SLG
Page 13 of 20

Case 3:20-cv-00204-SLG   Document 72   Filed 02/08/21   Page 13 of 20

*Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 898 (9th Cir. 2011) (quoting *Arakaki*, 324 F.3d at 1086). Any doubt regarding the adequacy of representation should be resolved in favor of the would-be intervenor. *See* 6 Moore's Federal Practice § 24.03[4][a][i] at 24-42; Wright & Miller, § 1909 at 346.

None of the existing parties can adequately represent AIDEA's interest in this litigation. None of the existing parties acquired leases in the 1002 Area Lease Sale, and none of them is obligated to represent AIDEA's narrow interests in providing a revenue source for local government, creating local hire in an area of substantial unemployment, or developing a project to enhance State of Alaska revenues during an economic downturn. AIDEA's intervention will allow it to provide information and raise arguments that might otherwise "be ignored or overlooked" by both the Plaintiffs and the Defendants. 6 Moore's Federal Practice § 24.03[4][a] at 24-43. AIDEA is also likely to "bring[] to the court's attention valuable information not available to or provided by the [existing] parties." *Forest Conserv. Council*, 66 F.3d at 1497 n.9.

The Federal Defendants are required to represent the public's broad overall interest. The Federal Defendants do not represent AIDEA or its unique interests as the project proponent, particularly as those interests relate to job creation and diversifying the State's economy, and if AIDEA is denied party status it will not be able to fully protect those important legal interests. Furthermore, the Federal Defendants are not charged with representing any of AIDEA's economic interests in the leases it purchased. For

AIDEA'S MOTION TO INTERVENE
*Gwich'in Steering Committee, et al. v. David Bernhardt, et al.* Case No. 3:20-cv-00204-SLG
Page 14 of 20

Case 3:20-cv-00204-SLG   Document 72   Filed 02/08/21   Page 14 of 20

example, the Federal Defendants' arguments presumably will be fashioned with an eye toward how their approach impacts national programs and interests. AIDEA's arguments in this litigation, however, will be framed by its interests in these specific leases. The Federal Defendants' representation of the public's general interest is sufficiently different from that of AIDEA that Federal Defendants are unlikely to give each of AIDEA's unique interests sufficient attention. *See*, *e.g.*, *Forest Conserv. Council*, 66 F.3d at 1499; *see also* Wright & Miller, § 1909 at 319 (when a would-be intervenor's interest "is similar to, but not identical with, that of one of the [existing] parties," the applicant should be allowed to intervene). The same reasons prevent the State of Alaska from adequately representing AIDEA's interests. Like the Federal Defendants, the State of Alaska is obligated to represent the broader interests of the State, not AIDEA's specific interest in the leases it acquired or AIDEA's charter of economic development.[2]

In similar challenges, the Ninth Circuit has held that "[i]nadequate representation is most likely to be found when the applicant asserts a personal interest that does not belong to the general public." *Forest Conserv. Council*, 66 F.3d at 1499 (quoting Moore's Federal Practice and finding that the "Forest Service may not adequately

---

[2] Nor can the trade association, native corporation, or local government intervenors adequately represent AIDEA. These entities represent the interests of their members. AIDEA is not a member of these organizations, and they are not obligated to represent AIDEA's interests.

AIDEA'S MOTION TO INTERVENE
*Gwich'in Steering Committee, et al. v. David Bernhardt, et al.* Case No. 3:20-cv-00204-SLG
Page 15 of 20

represent [intervenor's private] interests in defending against the issuance of a broad injunction"); *see also Southwest Ctr. for Biological Diversity*, 268 F.3d at 823-24 (finding federal government not expected to protect intervenor's uniquely private interests); *League of Wilderness Defenders*, 184 F. Supp. 2d at 1061 (quoting same and finding timber company's personal interest in benefiting from existing contract fell outside of general public's interest). Therefore, "there is sufficient doubt about the adequacy of [the government's] representation to warrant intervention." *Trbovich*, 404 U.S. at 538.

Because AIDEA meets all four of the requirements for intervention as a matter of right, this Court should recognize AIDEA's right to intervene.

## II. Alternatively, AIDEA Should be Allowed Permissive Intervention.

Under Rule 24(b), permissive intervention is entirely within this Court's discretion:

> On timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact.

Fed. R. Civ. P. 24(b)(1)(B). Regarding Federal Rule 24(b), the Ninth Circuit has observed:

> Unlike Rule 24(a), a "significant protectable interest" is not required by Rule 24(b) for intervention; all that is necessary for permissive intervention is that intervenor's "claim or defense and the main action have a question of law or fact in common." Fed. R. Civ. P. 24(b). Rule 24(b) "plainly dispenses with any requirement that the intervenor shall

AIDEA'S MOTION TO INTERVENE
*Gwich'in Steering Committee, et al. v. David Bernhardt, et al.* Case No. 3:20-cv-00204-SLG
Page 16 of 20

Case 3:20-cv-00204-SLG   Document 72   Filed 02/08/21   Page 16 of 20

> have a direct personal or pecuniary interest in the subject of the litigation." *SEC v. U.S. Realty & Improvement Co.*, 310 U.S. 434, 459, 84 L. Ed. 1293, 60 S.Ct. 1044, (1940).

*Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1108 (9th Cir. 2002), overruled in part on other grounds by *Wilderness Soc'y*, 630 F.3d at 1173; *see also* Wright & Miller, § 1911 at 357-63; 6 Moore's Federal Practice § 24.11 at 24-61.

AIDEA meets the standard for permissive intervention here because this motion is timely and because the defenses AIDEA proposes to assert are directly related to the "main action." Specifically, AIDEA denies that Plaintiffs are entitled to the relief that they seek.

### A. AIDEA's Motion is Timely.

For all the reasons set forth in Section I.A. of the Argument above, AIDEA's motion should be deemed timely.

### B. AIDEA's Claims or Defenses Have Questions of Law And Fact In Common With The Main Action.

A would-be intervenor meets the requirement of common questions of law and fact when the intervenor asserts (i) an interest in the lands and property subject to the government decision-making, (ii) defenses of the government's decision-making that are directly responsive to the plaintiff's claims, or (iii) defenses of the government's decision-making "that squarely respond to the challenges made by plaintiff in the main action." *Kootenai Tribe*, 313 F.3d at 1110-11.

AIDEA's request for intervention shares common questions of law and fact with the underlying action. AIDEA's significant interests in protecting the leases it acquired in the 1002 Area Lease Sale weigh in favor of intervention on all aspects of Plaintiffs' claims. In *Kootenai Tribe*, the Ninth Circuit found that intervenors with interests in the outcome of the case more tangential than AIDEA's interests here could intervene to defend the government's NEPA compliance when it promulgated regulations. *Kootenai Tribe*, 313 F.3d at 1111 (finding "large and varied interests" raised by NEPA claims were a "good and substantial reason" to allow permissive intervention by private organizations enjoying federal roadless lands). In that case, private organizations who were permitted to intervene held an aesthetic interest in the property at issue but claimed no property right in the area. In contrast, AIDEA holds property interests that Plaintiffs seek to void in their request to vacate the leases and all of the underlying documents supporting the 1002 Area Lease Sale. AIDEA's interest is far more concrete than those raised by the intervenors in *Kootenai Tribe* and therefore merits permissive intervention.

### C. AIDEA's Intervention Will Not Unduly Delay The Main Action Or Unfairly Prejudice The Existing Parties.

AIDEA's intervention will not delay this litigation or prejudice the existing parties. This Court's scheduling order will impose on AIDEA the very same schedule imposed on the Plaintiffs and current Defendants. As such, granting AIDEA status as an intervening party will not delay or disrupt the Court's schedule or otherwise cause any prejudice to the existing parties. *See Kootenai Tribe*, 313 F.3d at 1111 n.10 (no

AIDEA'S MOTION TO INTERVENE
*Gwich'in Steering Committee, et al. v. David Bernhardt, et al.* Case No. 3:20-cv-00204-SLG
Page 18 of 20

Case 3:20-cv-00204-SLG   Document 72   Filed 02/08/21   Page 18 of 20

issue of delay when a party's intervention motion filed near onset of litigation and defendant-intervenors agree to court's briefing and procedural scheduling orders).

## CONCLUSION

For all the foregoing reasons, AIDEA respectfully requests that the Court grant AIDEA leave to intervene in this case as a matter of right. Alternatively, at a minimum, the Court should exercise its discretion and allow AIDEA permissive intervention.

DATED at Anchorage, Alaska this 8th day of February, 2021.

> HOLLAND & HART LLP
> Attorneys for Alaska Industrial Development
> and Export Authority
>
> /s/ Kyle W. Parker
> Kyle W. Parker, ABA No. 9212124
> David J. Mayberry, ABA No. 9611062
> HOLLAND & HART LLP
> 1029 W. 3rd Avenue, Suite 550
> Anchorage, Alaska 99501
> Telephone:   (907) 865-2600
> Facsimile:    (907) 865-2680
> kwparker@hollandhart.com
> djmayberry@hollandhart.com

AIDEA'S MOTION TO INTERVENE
*Gwich'in Steering Committee, et al. v. David Bernhardt, et al.* Case No. 3:20-cv-00204-SLG
Page 19 of 20

Case 3:20-cv-00204-SLG   Document 72   Filed 02/08/21   Page 19 of 20

# CERTIFICATE OF SERVICE

I hereby certify on February 8, 2021, I caused to be electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification and electronic service of the same to all counsel of record.

HOLLAND & HART LLP

/s/ Kyle W. Parker

AIDEA'S MOTION TO INTERVENE
*Gwich'in Steering Committee, et al. v. David Bernhardt, et al.* Case No. 3:20-cv-00204-SLG
Page 20 of 20

Case 3:20-cv-00204-SLG   Document 72   Filed 02/08/21   Page 20 of 20