TODD KIM
Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Division

MARK ARTHUR BROWN (Florida Bar No. 0999504)
Senior Trial Attorney
Wildlife and Marine Resources Section
P.O. Box 7611 Washington, D.C. 20044
202-305-0204 || 202-305-0275 (fax)
mark.brown@usdoj.gov

PAUL A. TURCKE (Idaho Bar No. 4759)
Trial Attorney
Natural Resources Section
P.O. Box 7611 Washington, D.C. 20044
202-353-1389 || 202-305-0506 (fax)
paul.turcke@usdoj.gov

*Counsel for Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| GWICH'IN STEERING COMMITTEE, *et al.*,<br><br>   Plaintiffs,<br><br> v.<br><br>DEBRA HAALAND, in her official capacity as Secretary of the United States Department of the Interior, *et al.*,<br><br>   Defendants,<br> and<br><br>NORTH SLOPE BOROUGH, *et al.*,<br><br>   Intervenor-Defendants. | Case No. 3:20-cv-00204-SLG |

*Gwich'in Steering Committee v. Haaland,* 3:20-cv-00204-SLG
JOINT STATUS REPORT AND MOTION TO EXTEND STAY   1

# JOINT STATUS REPORT
# AND DEFENDANTS' AND PLAINTIFFS' UNOPPOSED MOTION TO EXTEND STAY

In accordance with the Court's text order (ECF 83) dated June 15, 2021, the parties submit this status report and Defendants and Plaintiffs jointly move the Court for an order extending the stay of this litigation, as set forth below.

Plaintiffs challenge the Record of Decision dated August 17, 2020, and associated Final Environmental Impact Statement, for the Arctic National Wildlife Refuge Coastal Plain Oil and Gas Leasing Program (the Program). Section 4 of Executive Order 13990, issued January 20, 2021, addresses the Program and provides, in part, that the Secretary of the United States Department of the Interior "shall place a temporary moratorium on all activities of the Federal Government relating to the implementation of the Coastal Plain Oil and Gas Leasing Program" and "shall review the program and, as appropriate and consistent with applicable law, conduct a new, comprehensive analysis of the potential environmental impacts of the oil and gas program." *See* ECF 71-1 at 4.

On June 1, 2021, Secretary Haaland issued Secretarial Order 3401, which: (1) identifies multiple legal deficiencies in certain aspects of the process leading to adoption of the Program and issuance of leases thereunder, including, but not limited to (a) insufficient analysis under the National Environmental Policy Act (NEPA), including failure to adequately analyze a reasonable range of alternatives in the environmental impact statement; and (b) failure in the August 17, 2020,

Record of Decision to properly interpret Section 20001 of Public Law 115-97; (2) directs officials within the Department to publish within 60 days a notice of intent in the Federal Register to initiate the process to conduct a comprehensive environmental analysis of the potential environmental impacts of the Program and to correct identified legal deficiencies; (3) directs that until the new comprehensive environmental analysis is complete, the Bureau of Land Management and U.S. Fish and Wildlife Service "shall not take any action to authorize any aspect of the Program, including, but not limited to, any leasing, exploration, development, production, or transportation, and shall not process any pending or future applications for such activities"; and (4) instructs officials within the Department to take appropriate action with respect to existing leases issued under the Program. *See* ECF 82-1.

Consistent with Order 3401, on June 1, 2021, Laura Daniel-Davis, Principal Deputy Assistant Secretary for Land and Minerals Management, issued decisions to the lessees suspending all nine leases under the Program effective that same day, prohibiting any operations on the leases, tolling the terms of the leases, and suspending lease rentals. In the suspension decisions, the Principal Deputy Assistant Secretary identified that additional analysis is necessary to address "potential legal defect[s]" including "the EIS's treatment of foreign greenhouse gas [] emissions and compliance with section 810 of the Alaska National Interest Lands Conservation Act." The Principal Deputy Assistant Secretary also explained that

the new NEPA analysis may also involve additional reviews "under section 106 of the National Historic Preservation Act [NHPA] and consultation under section 7 of the Endangered Species Act."

Ms. Daniel-Davis signed a Notice of Intent to Prepare a Supplemental Environmental Impact Statement for the Program, which was published in the Federal Register on August 4, 2021. *See* Exhibit 1 hereto, 86 Fed. Reg. 41,989-90 (Aug. 4, 2021). This Notice initiates a 60-day public scoping comment period, and describes an approximate timeline under which Defendant Bureau of Land Management (BLM) will conduct the new comprehensive environmental analysis, culminating in the issuance of a new record of decision. *Id*. at 2.

In light of the foregoing, Defendants and Plaintiffs consider it appropriate to continue the stay of proceedings in this litigation until BLM has completed the above-described process. During that time, and in light of the legal concerns identified and the Department's commitment to conduct a new comprehensive environmental analysis, Defendants will not issue any permits or authorizations in reliance on the existing NEPA, Alaska National Interest Lands Conservation Act section 810, or Endangered Species Act documents, or the NHPA section 106 Programmatic Agreement for the leasing program. Defendants will also provide prompt notice to Plaintiffs of the submission of any application to conduct any oil and gas activities on the Coastal Plain.

Defendants also propose to file periodic status reports correlated with

timeframes of key milestones in that process. These are only best estimates for these milestones and are not reflective of any deadlines or of any commitment by the Department of the Interior to complete milestone actions by a particular date. However, status updates in these timeframes will either reflect the completion of the associated milestone or provide an update on progress and expected completion timeline. Specifically, these milestones, and associated timeframes, consist of the following:

    1. Issuance of the Scoping Report (December 2021).

    2. Issuance of the Draft Supplemental Environmental Impact Statement (June 2022).

    3. Issuance of the Final Supplemental Environmental Impact Statement (April 2023).

    4. Issuance of the Record of Decision (June 2023).

In addition, Defendants will provide notice to counsel for the parties via email when consultation under the ESA is initiated, along with a copy of the biological assessment, and again when consultation is completed, along with a copy of the biological opinion. Defendants will further provide notice to counsel for the Plaintiffs via email upon the issuance of preliminary drafts of the draft and final supplemental environmental impact statements to cooperating agencies, although any such notice will not provide copies or otherwise reveal the contents of the preliminary draft documents themselves.

Again, Defendants commit to file a status report in each timeframe when they are able to provide a meaningful update on the completion of the identified milestone. If any milestone is achieved prior to the above-estimated timeframes, Defendants will file a status report upon completion of the milestone. In addition, within 15 days of reaching each of the listed milestones, Defendants will confer with counsel for Plaintiffs regarding the propriety of maintaining the stay, and if any party changes its position regarding the stay, they will submit a status report to the Court. A status report addressing the issuance of a new Record of Decision will indicate what further proceedings may be necessary to resume or resolve this litigation.

Courts have broad discretion to stay proceedings and to defer judicial review in the interest of justice and efficiency. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936), *quoted in Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 879 n.6 (1998); *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962); *see also Am. Petroleum Inst. v. EPA*, 683 F.3d 382, 388 (D.C. Cir. 2012) (premature and unnecessary judicial review "would hardly be sound stewardship of judicial resources"). Defendants acknowledge that courts in similar circumstances frequently receive status reports on a regular recurring basis, e.g., at ninety-day intervals. Defendants and Plaintiffs believe the proposed

*Gwich'in Steering Committee v. Haaland,* 3:20-cv-00204-SLG
JOINT STATUS REPORT AND MOTION TO EXTEND STAY                                                          6

Case 3:20-cv-00204-SLG   Document 85   Filed 09/09/21   Page 6 of 9

approach here will avoid submission of gratuitous information about the ongoing process or duplicative but unhelpful pronouncements that the agency has not reached any tangible milestone but is dutifully making progress, and will therefore best conserve litigant and judicial resources.

Defendants have conferred with counsel for Plaintiffs and Intervenor-Defendants. In reliance on Defendants' prior representation that Order 3401 prohibits the authorization of both on-lease and off-lease exploration activities and any other authorizations related to the Program, and based on Defendants' commitments made herein, Plaintiffs join the motion for the stay, but reserve the right to take any position, including opposing, any future action Defendants take with regard to the Program and reserve all rights to challenge the lawfulness of the Department's actions and the environmental review process.

Intervenor-Defendants' counsel have each indicated that Intervenor-Defendants take no position on the request to extend the stay.

DATED: September 9, 2021.

TODD KIM
Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Div.

*/s/ Mark Arthur Brown*
MARK ARTHUR BROWN
Florida Bar No. 0999504
Senior Trial Attorney
Wildlife and Marine Resources Section
P.O. Box 7611 Washington, D.C. 20044
202-305-0204 || 202-305-0275 (fax)
mark.brown@usdoj.gov

*Gwich'in Steering Committee v. Haaland,* 3:20-cv-00204-SLG
JOINT STATUS REPORT AND MOTION TO EXTEND STAY                                                              7

Case 3:20-cv-00204-SLG   Document 85   Filed 09/09/21   Page 7 of 9

*/s/ Paul A. Turcke*
PAUL A. TURCKE
Trial Attorney
Natural Resources Section
P.O. Box 7611 Washington, D.C. 20044
202-353-1389 || 202-305-0506 (fax)
paul.turcke@usdoj.gov

*Counsel for Defendants*

Of Counsel:

MIKE GIERYIC
Office of the Regional Solicitor, Alaska Region
4230 University Drive, Suite 300
Anchorage, AK 99508
907-271-1420
mike.gieryic@sol.doi.gov

                                             */s/ Brook Brisson* (consent)
                                             Brook Brisson (AK Bar No. 0905013)
                                             Suzanne Bostrom (AK Bar No. 1011068)
                                             Bridget Psarianos (AK Bar No. 1705025)
                                             Brian Litmans (AK Bar No. 0111068)
                                             TRUSTEES FOR ALASKA

                                             *Counsel for Plaintiffs Gwich'in Steering Committee, Alaska Wilderness League, Alaska Wildlife Alliance, Canadian Parks & Wilderness Society-Yukon, Defenders of Wildlife, Environment America, Friends of Alaska National Wildlife Refuges, National Wildlife Federation, National Wildlife Refuge Association, Northern Alaska Environmental Center, Sierra Club, The Wilderness Society, and Wilderness Watch*

                                             */s/ Karimah Schoenhut* (consent)
                                             Karimah Schoenhut (*pro hac vice*)
                                             Sierra Club Environmental Law Program

                                             *Counsel for Plaintiffs Sierra Club*

# CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2021, a copy of the foregoing was served by electronic means on all counsel of record by the Court's CM/ECF system.

*/s/ Paul A. Turcke*
Paul A. Turcke
