Brook Brisson (AK Bar No. 0905013)
Suzanne Bostrom (AK Bar No. 1011068)
Bridget Psarianos (AK Bar No. 1705025)
TRUSTEES FOR ALASKA
121 W. Fireweed Lane, Suite 105
Anchorage, AK 99503
Phone: (907) 276-4244
Fax: (907) 276-7110
bbrisson@trustees.org
sbostrom@trustees.org
bpsarianos@trustees.org

*Attorneys for Plaintiffs Gwich'in Steering
Committee, Alaska Wilderness League, Alaska Wildlife Alliance,
Canadian Parks & Wilderness Society-Yukon,
Defenders of Wildlife, Environment America,
Friends of Alaska National Wildlife Refuges,
National Wildlife Federation, National
Wildlife Refuge Association, Northern
Alaska Environmental Center, Sierra Club,
The Wilderness Society, and Wilderness
Watch*

Karimah Schoenhut (*pro hac vice*)
SIERRA CLUB ENVIRONMENTAL LAW PROGRAM
50 F St., NW 8th Floor
Washington, DC 20001
Phone: (202) 548-4584
Fax: (202) 547-6009
karimah.schoenhut@sierraclub.org

*Attorney for Plaintiff Sierra Club*

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GWICH'IN STEERING COMMITTEE, *et al.*, <br><br> Plaintiffs, | Case No. 3:20-cv-00204-SLG |

v.

DOUG BURGUM, *et al.*,

        Defendants,

and

NORTH SLOPE BOROUGH, *et al.*,

        Intervenor-Defendants.

**PLAINTIFFS' RESPONSE TO FEDERAL DEFENDANTS' STATUS REPORT AND OPPOSITION TO REQUEST TO EXTEND THE STAY**

Plaintiffs Gwich'in Steering Committee et al. (collectively "Plaintiffs"), submit this response to the Federal Defendants' Status Report and oppose the request to extend the stay in this case until September 30, 2025. Status Report, ECF No. 118 (May 9, 2025). The most recent extension of the stay will end today. Text Order, ECF No. 117 (May 2, 2025). Plaintiffs seek to proceed with this litigation and ask the Court to order the parties to submit a case schedule within 14 days.

Plaintiffs initiated this lawsuit in 2020 challenging the Coastal Plain Oil and Gas Leasing Program Record of Decision (ROD) and the supporting final environmental impact statement (EIS), biological opinion (BiOp), and Alaska National Interest Lands Conservation Act (ANILCA) Section 810 Final Evaluation, as well as all agency decisions that relied on those documents. Plaintiffs seek vacatur of those challenged

Pls.' Resp. to Status Rep. & Opp. To Request to Extend Stay
*Gwich'in Steering Comm. v. Burgum*, Case No. 3:20-cv-00204-SLG        Page 2

Case 3:20-cv-00204-SLG    Document 120    Filed 05/09/25    Page 2 of 10

actions, which include leases and leasing decisions. *See* First Am. Compl. for Declaratory & Injunctive Relief at 5, 73–74, ECF No. 19 (Nov. 2, 2020).

The U.S. Department of the Interior (Interior) held a lease sale on January 6, 2021, which resulted in the issuance of nine leases on the Coastal Plain pursuant to the challenged Leasing Program and supporting analyses: seven leases to Alaska Industrial Development and Export Authority (AIDEA) and one lease each to Knik Arm Services, LLC and Regenerate Alaska, Inc. *Alaska Indus. Dev. & Exp. Auth. v. Biden*, 685 F. Supp. 3d 813, 825–26 (D. Alaska 2023).

As explained in prior status reports, Federal Defendants have admitted substantial legal errors with the 2020 ROD and final EIS. *See, e.g.*, Joint Status Report & Defs.' Unopposed Mot. to Extend Stay, ECF No. 82 (June 11, 2021). Based on the Federal Defendants' admissions of legal error, Plaintiffs had agreed to a series of stays in this litigation while Interior undertook a process to supplement the final EIS and adopt a new Leasing Program to correct the legal deficiencies.

During the supplemental EIS process, Interior cancelled AIDEA's leases. Defs.' Status Report on Issuance of Draft Suppl. Environmental Impact Statement at 2, ECF No. 98 (Sept. 6, 2023). Knik Arm Services, LLC and Regenerate Alaska, Inc. had voluntarily relinquished their leases by that time. *Alaska Indus. Dev. and Exp. Auth.*, 685 F. Supp. 3d at 827. AIDEA challenged the lease cancellation decision in a separate lawsuit before this Court: *Alaska Industrial Development and Export Authority v. U.S. Department of the*

Pls.' Resp. to Status Rep. & Opp. To Request to Extend Stay
*Gwich'in Steering Comm. v. Burgum*, Case No. 3:20-cv-00204-SLG    Page 3

Case 3:20-cv-00204-SLG    Document 120    Filed 05/09/25    Page 3 of 10

*Interior* (*AIDEA v. DOI*), No. 3:24-cv-00051-SLG. This Court recently issued a decision vacating the lease cancellation decision. *AIDEA v. DOI*, 2025 U.S. Dist. LEXIS 54565, at *21–22 (D. Alaska Mar. 25, 2025).

As set out in the Federal Defendants' Status Report, Federal Defendants' position is that AIDEA's leases have been restored because of this Court's March 2025 decision. Status Report at 3. As a result, Plaintiffs understand that there are presently seven leases for the Coastal Plain that were issued pursuant to the unlawful 2020 Leasing Program. The United States has also stated that it intends to approach Knik Arm Services, LLC and Regenerate Alaska, Inc. to inquire about whether they desire reinstatement of their previously relinquished leases. *See* Joint Status Report at 2, *Alaska v. United States*, No. 24-1017C, ECF No. 24 (Fed. Cl. Apr. 11, 2025).

Federal Defendants seek to extend the stay in this case until September 30, 2025. As the proponent of extending the stay, the burden is on the Federal Defendants to demonstrate the need for the stay. *Alaska v. Express Scripts, Inc.*, No. 3:23-cv-00233-SLG, 2025 U.S. Dist. LEXIS 42298, at *7 (D. Alaska Mar. 10, 2025) (citing *Clinton v. Jones*, 520 U.S. 681, 708 (1997)). "In deciding whether to grant a stay," courts weigh "the competing interests which will be affected," which involve

> (1) "the possible damage which may result from the granting of a stay"; (2) "the hardship or inequity which a party may suffer in being required to go forward"; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."

Pls.' Resp. to Status Rep. & Opp. To Request to Extend Stay
*Gwich'in Steering Comm. v. Burgum*, Case No. 3:20-cv-00204-SLG    Page 4

Case 3:20-cv-00204-SLG    Document 120    Filed 05/09/25    Page 4 of 10

*Id.* at *6–7 (quoting *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005)). For the reasons explained below, the Court should not extend the stay.

Plaintiffs brought this litigation to protect their interests in the land, wildlife, and unmatched cultural, wilderness, recreation, and scientific values of the Coastal Plain of the Arctic National Wildlife Refuge. The leases, which are subject to the stipulations adopted in the 2020 Leasing Program, adversely affect those interests. *See* AR205962; Ex. 4 to Mot. for TRO & Prelim. Inj. at 82–83, ECF No. 47-32 (Dec. 15, 2020) (sample lease stating that leases, lease rights, and stipulations are issued subject to the 2020 ROD); Ex. A to AIDEA Mot. to Intervene, ECF No. 72-1 (Feb. 2, 2021) (explaining lease terms are based on 2020 Leasing Program). Now that the leases have been restored, Plaintiffs are seeking to proceed with this litigation to protect their interests.[1]

Federal Defendants' assertion that the leases are in suspended status does not alter the fact that there are presently leases for the Coastal Plain issued pursuant to the challenged unlawful Leasing Program. Federal Defendants' intent to make a decision regarding the suspended status of the restored leases associated with a forthcoming 2025 ROD also does not alter the fact that there are presently leases issued pursuant to the

---

[1] While a new Leasing Program ROD was adopted in 2024, this lawsuit is not moot because this Court can grant Plaintiffs effective relief by vacating the leases issued pursuant to the unlawful 2020 Leasing Program. *See Neighbors of Cuddy Mountain v. Alexander*, 303 F.3d 1059, 1065 (9th Cir. 2002) ("[A] case is moot only where no effective relief for the alleged violation can be given."); *see also* First Am. Compl. for Declaratory & Injunctive Relief at 5, 73–74 (seeking vacatur of leases).

Pls.' Resp. to Status Rep. & Opp. To Request to Extend Stay
*Gwich'in Steering Comm. v. Burgum*, Case No. 3:20-cv-00204-SLG          Page 5

admittedly unlawful Leasing Program.[2] Indeed, Federal Defendants indicate that they are considering lifting the suspension, which could result in activities taking place pursuant to the leases in the near future. Given the President's and Secretary's direction concerning resource development on the Coastal Plain, lifting the suspension is likely. *See* Exec. Order No. 14153, *Unleashing Alaska's Extraordinary Resource Potential*, 90 Fed. Reg. 8,347, 8,348 (Jan. 29, 2025); Ex. 1 to Joint Status Report, ECF No. 114-1 (Feb. 28, 2025). Continuing the stay until after a decision is made about whether to eliminate the lease suspension, and closer in time to the winter season when exploration activities generally occur, would increase the likelihood that Plaintiffs would need to expedite this litigation or seek injunctive relief regarding activities occurring in the leased areas. Also, since Federal Defendants are approaching the other two prior leaseholders about reissuing their relinquished leases, there could be even more leases in place pursuant to the unlawful program. These considerations harm Plaintiffs' interests in the Coastal Plain. *See, e.g.*, *Citizens for Clean Energy v. U.S. Dep't of the Interior*, 2021 U.S. Dist. LEXIS 104560, at *8–9 (D. Mont. June 3, 2021) (explaining that the potential for additional coal leasing harms plaintiffs and weighs against a stay).

Further, the fact that Federal Defendants may make a new decision regarding the Leasing Program does not mean that this litigation, which challenges the 2020 Leasing Program and the leases issued pursuant to it, should not proceed. As explained above, this

---

[2] Plaintiffs preserve their right to challenge any future processes or decisions associated with the leases.

Pls.' Resp. to Status Rep. & Opp. To Request to Extend Stay
*Gwich'in Steering Comm. v. Burgum*, Case No. 3:20-cv-00204-SLG       Page 6

litigation is the vehicle by which Plaintiffs seek to vacate the now-restored leases issued pursuant to the unlawful program. The fact that Federal Defendants will be required to defend this lawsuit does not impose a hardship sufficient to justify extending the stay. *Pub. Emps. Ret. Ass'n of N.M. v. Earley* (*In re PG&E Corp. Sec. Litig.*), 100 F.4th 1076, 1087 (9th Cir. 2024) (citing *Lockyer*, 398 F.3d at 1112).

Federal Defendants assert that extending the stay will aid in the orderly disposition of the case by ensuring that the litigation addresses the operative decisions for reinstatement of the Leasing Program. Status Report at 3. But the "orderly course of justice" weighs against a stay. *Lockyer*, 398 F.3d at 1110 quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). Plaintiffs filed this lawsuit in 2020, and the leasing decisions were made in 2021. Plaintiffs agreed to the prior stays to allow Interior to review the unlawful Leasing Program, undertake additional analysis, and take various action on the leases, which included cancelling the leases in 2023. Now that those leases have been restored, the orderly cause of justice supports moving forward with this litigation to address the proper remedy for the leases issued pursuant to the unlawful program. No additional decisions are necessary for Plaintiffs to proceed in this case to seek vacatur of the restored leases. Additionally, any decision adopting a new leasing program pursuant to the 2024 supplemental EIS would be separately challengeable and not necessarily part of this litigation. *Cf. Citizens for Clean Energy*, 2021 U.S. Dist. LEXIS 104560, at *9 (explaining "speculative" efficiencies do not justify a stay). To the

Pls.' Resp. to Status Rep. & Opp. To Request to Extend Stay
*Gwich'in Steering Comm. v. Burgum*, Case No. 3:20-cv-00204-SLG        Page 7

Case 3:20-cv-00204-SLG   Document 120   Filed 05/09/25   Page 7 of 10

extent that AIDEA believes that a new ROD will revise its lease terms, Federal Defendants' have not stated that they will do so, nor have either Federal Defendants or AIDEA identified the legal authority to do so. Def.-Intervenors' Resp. to Fed. Defs.' May 9, 2025 Status Report at 3, ECF No. 119 (May 9, 2025).

Because AIDEA's leases have been restored, Plaintiffs have determined that they need to proceed with this litigation to seek vacatur of the leases issued pursuant to the unlawful 2020 Leasing Program. Plaintiffs, therefore, ask the Court to decline to extend the stay and order the parties to submit a proposed case schedule within 14 days that addresses: (1) outstanding administrative record issues, (2) the timeline for filing a supplemental and/or amended complaint and answers, and (3) the timeline for briefing motions for summary judgment.

Respectfully submitted this 9th day of May, 2025.

      /s/ Brook Brisson
Brook Brisson (AK Bar No. 0905013)
Suzanne Bostrom (AK Bar No. 1011068)
Bridget Psarianos (AK Bar No. 1705025)
TRUSTEES FOR ALASKA

*Attorneys for Plaintiffs Gwich'in Steering Committee, Alaska Wilderness League, Alaska Wildlife Alliance, Canadian Parks & Wilderness Society-Yukon, Defenders of Wildlife, Environment America, Friends of Alaska National Wildlife Refuges, National Wildlife Federation, National Wildlife Refuge Association, Northern Alaska Environmental Center, Sierra Club, The Wilderness Society, and Wilderness Watch*

Pls.' Resp. to Status Rep. & Opp. To Request to Extend Stay
*Gwich'in Steering Comm. v. Burgum*, Case No. 3:20-cv-00204-SLG    Page 8

Case 3:20-cv-00204-SLG    Document 120    Filed 05/09/25    Page 8 of 10

                                <u>s/ Karimah Schoenhut (consent)</u>

                                Karimah Schoenhut (*pro hac vice*)
                                SIERRA CLUB ENVIRONMENTAL LAW PROGRAM

                                *Attorney for Plaintiff Sierra Club*

Pls.' Resp. to Status Rep. & Opp. To Request to Extend Stay
*Gwich'in Steering Comm. v. Burgum*, Case No. 3:20-cv-00204-SLG      Page 9

## Certificate of Service

I certify that on May 9, 2025, I caused a copy of PLAINTIFFS' RESPONSE TO FEDERAL DEFENDANTS' STATUS REPORT AND OPPOSITION TO REQUEST TO EXTEND THE STAY to be electronically filed with the Clerk of the Court for the U.S. District Court of Alaska using the CM/ECF system, which will send electronic notification of such filings to the attorneys of record in this case.

s/ Brook Brisson
Brook Brisson

Pls.' Resp. to Status Rep. & Opp. To Request to Extend Stay
*Gwich'in Steering Comm. v. Burgum*, Case No. 3:20-cv-00204-SLG    Page 10

Case 3:20-cv-00204-SLG    Document 120    Filed 05/09/25    Page 10 of 10