ADAM R.F. GUSTAFSON
Acting Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Division

MARK ARTHUR BROWN (Florida Bar No. 0999504)
Senior Trial Attorney, Wildlife and Marine Resources Section
P.O. Box 7611
Washington, D.C. 20044
202-305-0204 ‖ 202-305-0275 (fax)
mark.brown@usdoj.gov

PAUL A. TURCKE (Idaho Bar No. 4759)
Trial Attorney, Natural Resources Section
1290 West Myrtle Street, Suite 500
Boise, ID 83702
202-532-5994 ‖ 202-305-0275 (fax)
paul.turcke@usdoj.gov

*Counsel for Defendants*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GWICH'IN STEERING COMMITTEE, *et al*., <br><br> Plaintiffs, <br><br> v. <br><br> DOUG BURGUM, in his official capacity as Secretary of the United States Department of the Interior, *et al*., <br><br> Defendants, <br><br> and <br><br> NORTH SLOPE BOROUGH, *et al*., <br><br> Intervenor-Defendants. | Case No. 3:20-cv-00204-SLG |

## FEDERAL DEFENDANTS' RESPONSE TO PLAINTIFFS' STATUS REPORT

*Gwich'in Steering Committee v. Burgum*  Case No. 3:20-cv-00204-SLG
DEFS.' RESP. TO PLS.' STATUS REPORT  1

Federal Defendants have requested that the Court continue to stay proceedings in this case as well as three others challenging the same agency action. Plaintiffs' complaint challenges the August 2020 Coastal Plain Oil and Gas Leasing Program Record of Decision ("2020 ROD"), which was superseded by the December 2024 Coastal Plain Oil and Gas Leasing Program Record of Decision ("2024 ROD"). The 2024 ROD selected Alternative D2 from the November 2024 Final Coastal Plain Oil and Gas Leasing Program Supplemental Environmental Impact Statement ("SEIS"). And as previously noted, the 2024 ROD, in turn, will be superseded by a new ROD expected to issue "in the third quarter of 2025 based on the analysis and alternatives presented in the 2024 SEIS, and following reinitiation of consultation under Section 7 of the Endangered Species Act." Fed. Defs.' Status Report 3, ECF No. 118 ("Defs.' Report"). The stay here was instituted in September 2021 at the joint request of Plaintiffs and Defendants in light of "the process of conducting a new environmental review and issuing a new record of decision addressing the Coastal Plain Oil and Gas Leasing Program at issue in this litigation." Order 1, ECF No. 86.

Federal Defendants have indicated that maintaining the stay is further justified, in part, because oil and gas leases issued in 2021 are presently in "suspended status" during which "no lease operations may transpire on the leases, the terms of the leases are tolled, and lease rentals are suspended." Defs.' Report 3. However, Plaintiffs have filed their own status report which requests that the stay be lifted and suggests that the parties should determine a schedule for resuming this litigation challenging the 2020 ROD. *See* Pls.' Resp. to Fed. Defs.' Status Report and Opp'n to Request to Extend the Stay, ECF

No. 120 ("Pls.' Report").[1] Plaintiffs' position disregards relevant facts and law, and the Court should extend the stay pending the issuance of forthcoming final agency action addressing the Coastal Plain Oil and Gas Leasing Program.

Plaintiffs rely on a mistaken factual premise – that Defendants "indicate that they are considering lifting the suspension, which could result in activities taking place pursuant to the leases in the near future." *Id*. at 6. This statement contradicts the record. It has been Defendants' position for almost four years that, upon completion of "additional analysis" (as reflected by the SEIS), "the [Bureau of Land Management ("BLM")] will issue a new decision" concerning suspension of the leases addressing "whether the leases should be reaffirmed, voided, or subject to additional mitigation measures." Suspension of Operations and Production dated June 1, 2021 (attached hereto as Ex. 1); *see also Alaska Indus. Dev. & Exp. Auth. v. Biden* ("*AIDEA*"), 685 F. Supp. 3d 813, 826 (D. Alaska 2023) (citing the same document and discussing further background in challenge to the "temporary moratorium" on lease activity). And Defendants have made clear that "no lease operations may transpire on the leases" while they remain in suspended status and that any change in suspended status will not occur until the new ROD issues. Defs.' Report 3.[2] Plaintiffs now express concern that the "leases have been

---

[1] Plaintiffs in Case Nos. 3:20-cv-204-SLG, 3:20-cv-205-SLG, and 3:20-cv-223-SLG have each filed a status report seeking to lift the stays in their cases and proceed with litigation. Plaintiffs in *State of Washington, et al. v. Burgum* have joined with Defendants in requesting that the stay of proceedings remain in effect. *See State of Washington*, No. 3:20-cv-224-SLG, Joint Status Report, ECF No. 164.

[2] Defendants have agreed to provide timely notice of the relevant further decision(s) on the leases following issuance of the new ROD. *See* Defs.' Report 4.

*Gwich'in Steering Committee v. Burgum*                         Case No. 3:20-cv-00204-SLG
DEFS.' RESP. TO PLS.' STATUS REPORT                                                    3

restored," Pls.' Report 8, but they have only been restored "to their suspended status" by operation of this Court's ruling in *Alaska Industrial Development and Export Authority v. Bureau of Land Management*, No. 3:24-cv-00051-SLG, 2025 WL 903331 (D. Alaska Mar. 25, 2025). *See* Defs.' Report 3. Plaintiffs imply mischief in these developments, but their suggestion at some different approach would fail to account for this Court's aforementioned ruling. And Plaintiffs fail to explain why they now conclude that having the leases in suspended status compels them to resume litigation when they agreed that the case should be stayed while the leases were previously in suspended status from June 2021 until September 2023.

Additionally, Plaintiffs' attempt to resurrect challenges to the 2020 ROD is jurisdictionally suspect. Plaintiffs must challenge final agency action that "mark[s] the consummation of the agency's decisionmaking process" and from which "rights or obligations have been determined, or from which legal consequences will flow." *See Gwich'in Steering Comm. v. Bernhardt*, Nos. 3:20-cv-204-SLG, 3:20-cv-205-SLG, 3:20-cv-223-SLG, 2021 WL 46703, at *6 (D. Alaska Jan. 5, 2021) (quoting *Bennett v. Spear*, 520 U.S. 154, 177 (1997)). An attempt to proceed with litigation against the 2020 ROD would fail both prongs of this test. The 2020 ROD cannot reflect the consummation of the decisionmaking process because it has already been superseded by the 2024 ROD, which will be superseded by the new ROD expected to issue in the third quarter of 2025. And the new ROD and/or a subsequent decision(s) will reaffirm, void, or modify any rights, obligations, and/or legal consequences vis-à-vis the leases originally issued in 2021. Plaintiffs' attempt to resume their challenge to the 2020 ROD invites error and

unnecessary work.

Finally, it is hard to see how adopting Plaintiffs' position will provide any practical benefit to anyone, much less justify the aforementioned risk of error and inefficiency. Plaintiffs suggest a likelihood of filing a "supplemental and/or amended complaint and answers[.]" Pls.' Report 8. This would be the necessary first step in any resumption of litigation.[3] Assuming that Defendants would file an answer to a supplemental and/or amended complaint rather than a motion to dismiss, the next step would be to compile an administrative record. This typically takes at least 60 days, and is followed by a period of conferral and potentially motions practice to determine the sufficiency of the record. *See*, *e.g.*, Order Re Joint Mot. Addressing the Admin. Record, ECF No. 39. An opening brief on cross-motions for summary judgment might follow 60 (or more) days after certification of the record. In contrast, it appears that a new ROD may issue before any briefing could occur under Plaintiffs' vision for this case. At a minimum, a new ROD and new decision(s) on the leases might narrow, if not moot, challenges to the 2020 ROD, requiring further amended complaints, responses thereto, and/or changes to the administrative record(s). Against this uncertainty and substantial burden on parties and the Court, Plaintiffs offer no advantage to lifting the stay now in this case versus awaiting the operative final agency action for reinstatement or

---

[3] Plaintiffs' sequentially numbered steps start with addressing "outstanding administrative record issues" but this step cannot precede filing of a supplemental and/or amended complaint. *Id*. The allegations and claims of any such complaint will significantly bear on the agency's effort at defining the scope of the administrative record.

management of the Coastal Plain Oil and Gas Leasing Program.

Based on the foregoing, Federal Defendants continue to request that this Court continue the stay of proceedings in this case until September 30, 2025, or within five days of a final decision regarding any leases originally issued under the 2020 ROD.

Respectfully submitted this 15th of May 2025.

ADAM R.F. GUSTAFSON
Acting Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Division

MARK ARTHUR BROWN
Senior Trial Attorney
Wildlife and Marine Resources Section
P.O. Box 7611 Washington, D.C. 20044
202-305-0204 || 202-305-0275 (fax)
mark.brown@usdoj.gov

/s/ Paul A. Turcke
PAUL A. TURCKE
Trial Attorney, Natural Resources Section
1290 West Myrtle Street, Suite 500
Boise, ID 83702
202-532-5994 || 202-305-0275 (fax)
paul.turcke@usdoj.gov

*Counsel for Defendants*

Of Counsel:

LINDSAY CRONIN
Office of the Regional Solicitor, Alaska Region
4230 University Drive, Suite 300
Anchorage, AK 99508
907-271-4621
lindsay.cronin@sol.doi.gov

# CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2025, a copy of the foregoing was served by electronic means on all counsel of record by the Court's CM/ECF system.

<u>*/s/ Paul A. Turcke*</u>
Paul A. Turcke