# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

GWICH'IN STEERING COMMITTEE, *et al.*,

        Plaintiffs,

    v.

DOUG BURGUM, *et al.*,

        Defendants,

    and

NORTH SLOPE BOROUGH, *et al.*,

        Intervenor-Defendants.

Case No. 3:20-cv-00204-SLG

## ORDER CONTINUING THE STAY OF PROCEEDINGS

At Docket 118, the Bureau of Land Management ("BLM"); the United States Department of the Interior ("DOI"); Doug Burgum, in his official capacity as Secretary of DOI; and the U.S. Fish & Wildlife Service (collectively, "Federal Defendants") filed a Status Report requesting that this Court continue the stay of these proceedings.[1] Intervenor-Defendant Alaska Industrial Development and Export Authority ("AIDEA"), joined by Intervenor-Defendants State of Alaska, North Slope Borough, Alaska Oil & Gas Association, and the American Petroleum Institute (collectively, "Intervenor-Defendants") responded to the Status Report at

---

[1] This Status Report was filed pursuant to this Court's orders at Dockets 115 and 117.

Docket 119, "agree[ing] with Federal Defendants that the stay of the case should continue."[2] At Docket 120, Plaintiffs Gwich'in Steering Committee, *et al.*[3] (collectively, "Plaintiffs") filed a response opposing the request to extend the stay. Federal Defendants responded to Plaintiffs' opposition at Docket 122. For the reasons set forth below, the Court continues the stay of these proceedings in this case until September 30, 2025, or within five days of a final agency decision regarding any leases originally issued under the 2020 ROD, whichever occurs first.

## BACKGROUND

The Court assumes the readers' familiarity with its prior decisions, as well as the factual and procedural background they provide. The facts and procedural background, as directly relevant to these status reports, are as follows:

In 2019, BLM released an Environmental Impact Statement ("2019 EIS") analyzing the environmental impacts of a leasing program in the Coastal Plain of Alaska within the Arctic National Wildlife Refuge ("ANWR").[4] In August 2020, then-Secretary of Interior Bernhardt published a Record of Decision ("2020 ROD") establishing the Coastal Plain Oil and Gas Leasing Program ("the Program").[5]

---

[2] Docket 119 at 3.

[3] Plaintiffs are Alaska Wilderness League, Alaska Wildlife Alliance, Canadian Parks & Wilderness Society-Yukon, Defenders of Wildlife, Environment America, Inc., Friends of Alaska National Wildlife Refuges, National Wildlife Federation, National Wildlife Refuge Association, Northern Alaska Environmental Center, Sierra Club, The Wilderness Society, and Wilderness Watch.

[4] *Alaska Indus. Dev. & Exp. Auth. v. Biden*, 685 F. Supp. 3d 813, 825 (D. Alaska 2023).

[5] *Id.*

Case No. 3:20-cv-00204-SLG, *Gwich'in Steering Comm., et al. v. Burgum, et al.*
Order Continuing the Stay of Proceedings
Page 2 of 12
Case 3:20-cv-00204-SLG    Document 123    Filed 05/22/25    Page 2 of 12

Plaintiffs initiated this lawsuit in 2020 challenging the 2020 ROD and the 2019 EIS.[6]

BLM held a lease sale on January 6, 2021, issuing nine leases in the Coastal Plain pursuant to the challenged 2020 ROD and supporting EIS: seven leases to AIDEA and one lease each to Knik Arm Services, LLC and Regenerate Alaska, Inc.[7] When former-President Biden took office two weeks later, he directed DOI to conduct a supplemental environmental review of the Program and to temporarily halt all activity.[8]

On June 1, 2021, then-Secretary of Interior Haaland issued Secretarial Order 3401, which identified legal deficiencies in the process leading to the adoption of the Program including an insufficient EIS, directed DOI to conduct a new environmental analysis, and directed BLM and U.S. Fish & Wildlife Service not to "take any action to authorize any aspect of the Program, including, but not limited to, any leasing, exploration, development, production, or transportation" and not to "process any pending or future applications for such activities" until the new environmental analysis was complete, and to "take appropriate action with respect to existing leases issued under the Program."[9] Consistent with that order,

---

[6] See Docket 1; Docket 19.

[7] *Alaska Indus. Dev. & Exp. Auth.*, 685 F. Supp. 3d at 825-26.

[8] *Id.* at 826.

[9] Docket 85 at 2-3.

Case No. 3:20-cv-00204-SLG, *Gwich'in Steering Comm., et al. v. Burgum, et al.*
Order Continuing the Stay of Proceedings
Page 3 of 12
Case 3:20-cv-00204-SLG   Document 123   Filed 05/22/25   Page 3 of 12

on June 1, 2021, the Principal Deputy Assistant Secretary for Land and Minerals Management "issued decisions to the lessees suspending all nine leases under the Program effective that same day."[10]  Based on these decisions, the parties in this case filed a joint status report in which Federal Defendants moved unopposed for a stay, indicating that they would "not issue any permits or authorizations in reliance on the existing [environmental analyses]" and that they would provide regular updates about their environmental review process.[11] The Court granted the stay on September 13, 2021, directing Federal Defendants to "file periodic status reports correlated with timeframes of key milestones in the process of conducting a new environmental review and issuing a new record of decision addressing the Coastal Plain Oil and Gas Leasing Program at issue in this litigation."[12]  Since then, this case has remained stayed and Federal Defendants have filed 13 status reports.[13]

During the supplemental EIS process, DOI canceled AIDEA's leases in a decision dated September 6, 2023.[14]  AIDEA challenged this lease cancelation

---

[10] Docket 85 at 3.

[11] Docket 85 at 4-5.

[12] Docket 86 at 1.

[13] *See* Docket 87; Docket 89; Docket 91; Docket 95; Docket 98; Docket 100; Docket 104; Docket 106; Docket 108; Docket 110; Docket 112 (Joint); Docket 114 (Joint); Docket 118.

[14] Docket 98 at 2.  Knik Arm Services, LLC and Regenerate Alaska, Inc. had relinquished their leases by that time. *Alaska Indus. Dev. and Exp. Auth.*, 685 F. Supp. 3d at 827.

Case No. 3:20-cv-00204-SLG, *Gwich'in Steering Comm., et al. v. Burgum, et al.*
Order Continuing the Stay of Proceedings
Page 4 of 12
Case 3:20-cv-00204-SLG    Document 123    Filed 05/22/25    Page 4 of 12

decision in a separate lawsuit before this Court.[15] In March 2025, the Court issued a decision vacating the lease cancelation decision.[16] On May 16, 2025, the intervenor-defendants in that case filed a Notice of Appeal of that decision to the Ninth Circuit.[17]

Meanwhile, in November 2024, DOI completed its supplemental EIS ("SEIS") for the Program.[18] Then, on December 8, 2024, DOI signed a new Record of Decision, adopting a new alternative to guide management of the Coastal Plain of ANWR ("2024 ROD").[19]

Following another change in administration, on January 20, 2025, President Trump issued Executive Order 14153 titled "Unleashing Alaska's Extraordinary Resource Potential," Section 3 of which directs agencies to "place a temporary moratorium" on the 2024 ROD "in order to review such record of decision in light

---

[15] *See generally Alaska Indus. Dev. & Exp. Auth. v. U.S. Dep't of the Interior*, Case No. 3:24-cv-00051-SLG.

[16] *Alaska Indus. Dev. & Exp. Auth. v. U.S. Dep't of the Interior*, Case No. 3:24-cv-00051-SLG, 2025 WL 903331, at *7 (D. Alaska Mar. 25, 2025).

[17] Docket 104 (Case No. 3:24-cv-00051-SLG) (Intervenor-Defs.' Notice of Appeal). Intervenor-defendants in that case are Alaska Wilderness League, Alaska Wildlife Alliance, Canadian Parks & Wilderness Society-Yukon, Defenders of Wildlife, Friends of Alaska National Wildlife Refuges, Gwich'in Steering Committee, National Wildlife Federation, National Wildlife Refuge Association, Northern Alaska Environmental Center, Sierra Club, The Wilderness Society, and Wilderness Watch.

[18] U.S. Dep't of the Interior, Bureau of Land Mgmt., Coastal Plain Oil and Gas Leasing Program Supplemental Environmental Impact Statement (Nov. 2024).

[19] U.S. Dep't of the Interior, Bureau of Land Mgmt., Coastal Plain Oil and Gas Leasing Program Record of Decision at 10 (Dec. 2024).

Case No. 3:20-cv-00204-SLG, *Gwich'in Steering Comm., et al. v. Burgum, et al.*
Order Continuing the Stay of Proceedings
Page 5 of 12
Case 3:20-cv-00204-SLG   Document 123   Filed 05/22/25   Page 5 of 12

of alleged legal deficiencies and for consideration of relevant public interests."[20] On February 3, 2025, Secretary of Interior Burgum issued Secretary's Order 3422, also titled "Unleashing Alaska's Extraordinary Resource Potential," which outlines a process to begin implementing the Executive Order.

In light of these directives, Federal Defendants filed a Status Report on May 9, 2025, requesting that this Court "continue the stay of proceedings in this case until September 30, 2025, or within five days of a final decision regarding any leases originally issued under the 2020 ROD."[21] Federal Defendants indicate that they intend to issue a new ROD in the third quarter of 2025, after which they intend to issue a new decision concerning the leases.[22] On the same day that Federal Defendants filed their Status Report, Intervenor-Defendants responded in support of the continued stay,[23] and Plaintiffs responded in opposition.[24] Federal Defendants filed a response to Plaintiffs' opposition on May 15.[25]

## LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time

---

[20] 90 Fed. Reg. 8347, 8348 (Jan. 29, 2025).

[21] Docket 118 at 3-4.

[22] Docket 118 at 3.

[23] Docket 119.

[24] Docket 120.

[25] Docket 122.

Case No. 3:20-cv-00204-SLG, *Gwich'in Steering Comm., et al. v. Burgum, et al.*
Order Continuing the Stay of Proceedings
Page 6 of 12
Case 3:20-cv-00204-SLG     Document 123     Filed 05/22/25     Page 6 of 12

and effort for itself, for counsel, and for litigants."[26] "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court."[27]

In deciding whether to grant a stay, the Ninth Circuit instructs a court to weigh "the competing interests which will be affected," which include "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."[28] "The proponent of a stay bears the burden of establishing its need"[29] and "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay . . . will work damage to some one else."[30] "Generally,

---

[26] *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

[27] *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979) (citations omitted).

[28] *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

[29] *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citation omitted).

[30] *Landis*, 299 U.S. at 255.

Case No. 3:20-cv-00204-SLG, *Gwich'in Steering Comm., et al. v. Burgum, et al.*
Order Continuing the Stay of Proceedings
Page 7 of 12
Case 3:20-cv-00204-SLG    Document 123    Filed 05/22/25    Page 7 of 12

stays should not be indefinite in nature" and "should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time."[31]

## DISCUSSION

In their May 9, 2025 Status Report, Federal Defendants "request that this Court continue the stay of proceedings in this case until September 30, 2025, or within five days of a final decision regarding any leases originally issued under the 2020 ROD," and state that:

> As part of implementing [Executive Order 14153 and Secretary's Order 3422], the Department of the Interior has determined that it intends to issue a new ROD in the third quarter of 2025 based on the analysis and alternatives presented in the 2024 SEIS, and following reinitiation of consultation under Section 7 of the Endangered Species Act. Based on this Court's March 2025 ruling, the leases originally issued under the 2020 ROD have been restored to their suspended status immediately preceding the vacated 2023 cancellation decision. After issuing the new ROD, the Department anticipates issuing a new decision concerning the leases originally issued under the 2020 ROD. While these leases remain in suspended status, no lease operations may transpire on the leases, the terms of the leases are tolled, and lease rentals are suspended.[32]

In their opposition, Plaintiffs "ask the Court to decline to extend the stay and order the parties to submit a proposed case schedule within 14 days," asserting

---

[31] *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (citations omitted).

[32] Docket 118 at 3-4.  Intervenor-Defendants agree that the stay of the case should continue, but note in their Status Report that "AIDEA does not agree with any suggestion in Federal Defendants' status report that Federal Defendants have discretion to keep AIDEA's leases in suspended status indefinitely." Docket 119 at 3.  The Court does not interpret Federal Defendants' Status Report as indicating that they have the discretion to do so.

Case No. 3:20-cv-00204-SLG, *Gwich'in Steering Comm., et al. v. Burgum, et al.*
Order Continuing the Stay of Proceedings
Page 8 of 12
Case 3:20-cv-00204-SLG    Document 123    Filed 05/22/25    Page 8 of 12

that "[b]ecause AIDEA's leases have been restored, Plaintiffs have determined that they need to proceed with this litigation to seek vacatur of the leases issued pursuant to the unlawful 2020 Leasing Program."[33] Plaintiffs maintain that "Federal Defendants' assertion that the leases are in suspended status does not alter the fact that there are presently leases for the Coastal Plain issued pursuant to the challenged unlawful Leasing Program."[34] Plaintiffs point to potential harm that would ensue if the Court were to continue the stay until after a decision was made about lifting the lease suspension, asserting that the delay "would increase the likelihood that Plaintiffs would need to expedite this litigation or seek injunctive relief regarding activities occurring in the leased areas," and noting further that "since Federal Defendants are approaching the other two prior leaseholders about reissuing their relinquished leases, there could be even more leases in place pursuant to the unlawful program."[35] Plaintiffs do not agree that extending the stay will aid in the orderly disposition of the case because they are challenging the leases issued under the 2020 leasing program, and "any decision adopting a new leasing program pursuant to the 2024 supplemental EIS would be separately challengeable and not necessarily part of this litigation."[36]

---

[33] Docket 120 at 8.

[34] Docket 120 at 5.

[35] Docket 120 at 6.

[36] Docket 120 at 7.

Case No. 3:20-cv-00204-SLG, *Gwich'in Steering Comm., et al. v. Burgum, et al.*
Order Continuing the Stay of Proceedings
Page 9 of 12
Case 3:20-cv-00204-SLG    Document 123    Filed 05/22/25    Page 9 of 12

Federal Defendants respond that, contrary to Plaintiffs' assertion that the leases have been "restored," "they have only been restored 'to their suspended status' by operation of this Court's [March 2025] ruling."[37] Federal Defendants maintain that the "2020 ROD cannot reflect the consummation of the decisionmaking process because it has already been superseded by the 2024 ROD, which will be superseded by the new ROD expected to issue in the third quarter of 2025."[38] Federal Defendants further contend that Plaintiffs' suggested timeline will not provide any practical benefit to anyone, as "a new ROD may issue before any briefing could occur under Plaintiffs' vision for this case," at which point there would need to be further amended complaints, responses, and/or changes to the administrative record.[39]

After weighing the competing interests that will be affected by continuing the stay, the Court finds that continuing the stay[40] is warranted here. Given that Federal Defendants have made clear that "[w]hile these leases remain in suspended status, no lease operations may transpire on the leases, the terms of the leases are tolled, and lease rentals are suspended," and that they will "provide timely notice of the relevant further decision(s) on the leases following issuance of

---

[37] Docket 122 at 3-4 (quoting Docket 118 at 3).

[38] Docket 122 at 4.

[39] Docket 122 at 5.

[40] The Court notes that because the previous stay expired May 9, 2025, *see* Docket 117, the Court is technically reinstating the stay of these proceedings.

Case No. 3:20-cv-00204-SLG, *Gwich'in Steering Comm., et al. v. Burgum, et al.*
Order Continuing the Stay of Proceedings
Page 10 of 12
Case 3:20-cv-00204-SLG   Document 123   Filed 05/22/25   Page 10 of 12

the new ROD,"[41] the Court does not find any "possible damage which may result from the [continued] granting of a stay" in terms of further lease activity.[42] Nor is the continued stay likely to cause any damage to Plaintiffs via undue delay; as Federal Defendants point out, a new agency decision concerning the leases issued under the 2020 ROD is likely to necessitate additional briefing in any case, and resuming this litigation now will not obviate that need.[43] The Court does not agree with Plaintiffs that the "increase[d] . . . likelihood that Plaintiffs would need to expedite this litigation or seek injunctive relief" suffices to warrant commencing the merits briefing in this case, because any such briefing would likely need to be supplemented or amended when the new action on the leases is taken, and expedited litigation is therefore likely whether or not the merits briefing in this case is commenced now.[44]

The Court further finds that "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay" weighs in favor of continuing the stay.[45] Awaiting the operative final agency action—namely, a "new decision concerning the leases

---

[41] Docket 118 at 3; Docket 122 at 3 n.2.

[42] *See Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

[43] *See* Docket 122 at 5.

[44] *See* Docket 120 at 6.

[45] *See Lockyer*, 398 F.3d at 1110 (quoting *CMAX, Inc.*, 300 F.2d at 268).

Case No. 3:20-cv-00204-SLG, *Gwich'in Steering Comm., et al. v. Burgum, et al.*
Order Continuing the Stay of Proceedings
Page 11 of 12
Case 3:20-cv-00204-SLG    Document 123    Filed 05/22/25    Page 11 of 12

originally issued under the 2020 ROD"[46]—prior to resuming this litigation appears to be the most efficient course of action. The Court notes that a continued stay is further appropriate here because "it appears likely the other proceedings will be concluded within a reasonable time,"[47] given that Federal Defendants have indicated their intention to issue a final decision regarding any leases originally issued under the 2020 ROD on or around September 30, 2025.[48]

## CONCLUSION

For the reasons set forth above, the stay in this matter is continued until September 30, 2025, or within five days of a final agency decision regarding any leases originally issued under the 2020 ROD, whichever occurs first. The parties shall file a joint status report on or before September 30, 2025 that addresses the issuance of the new Record of Decision, all relevant decision(s) made on the challenged leases, and proposed next steps in this case. Federal Defendants shall also provide timely notice to counsel for the parties of all relevant decision(s) made on the challenged leases. IT IS SO ORDERED.

DATED this 22nd day of May, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[46] Docket 118 at 3.

[47] *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (citations omitted).

[48] *See* Docket 118 at 3-4.

Case No. 3:20-cv-00204-SLG, *Gwich'in Steering Comm., et al. v. Burgum, et al.*
Order Continuing the Stay of Proceedings
Page 12 of 12
Case 3:20-cv-00204-SLG    Document 123    Filed 05/22/25    Page 12 of 12