Brook Brisson (AK Bar No. 0905013)
Suzanne Bostrom (AK Bar No. 1011068)
Bridget Psarianos (AK Bar No. 1705025)
TRUSTEES FOR ALASKA
121 W. Fireweed Lane, Suite 105
Anchorage, AK 99503
Phone: (907) 276-4244
Fax: (907) 276-7110
bbrisson@trustees.org
sbostrom@trustees.org
bpsarianos@trustees.org

*Attorneys for Plaintiffs Gwich'in Steering
Committee, Alaska Wilderness League, Alaska Wildlife Alliance,
Canadian Parks & Wilderness Society-Yukon,
Defenders of Wildlife, Environment America,
Friends of Alaska National Wildlife Refuges,
National Wildlife Federation, National
Wildlife Refuge Association, Northern
Alaska Environmental Center, Sierra Club,
The Wilderness Society, and Wilderness
Watch*

Karimah Schoenhut (*pro hac vice*)
SIERRA CLUB ENVIRONMENTAL LAW PROGRAM
50 F St., NW 8th Floor
Washington, DC 20001
Phone: (202) 548-4584
Fax: (202) 547-6009
karimah.schoenhut@sierraclub.org

*Attorney for Plaintiff Sierra Club*

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GWICH'IN STEERING COMMITTEE, *et al.*,<br><br>Plaintiffs, | Case No. 3:20-cv-00204-SLG |

v.

DOUG BURGUM, *et al.*,

         Defendants,

and

NORTH SLOPE BOROUGH, *et al.*,

         Intervenor-Defendants.

## PLAINTIFFS' RESPONSE TO FEDERAL DEFENDANTS' JOINT STATUS REPORT AND ALTERNATIVE PROPOSAL

Plaintiffs Gwich'in Steering Committee, et al. (collectively "Plaintiffs"), submit this response to the Federal Defendants' Joint Status Report and their request to continue the stay until Congress restores funding to the federal government. Joint Status Report, ECF No. 126 (Oct. 29, 2025). Defendants previously argued that a stay was necessary to allow the U.S. Department of the Interior (Interior) time to adopt a new Leasing Program and to address the status of leases held by the Alaska Industrial Development and Export Authority's (AIDEA). Fed. Defs.' Status Rpt. at 2–4, ECF No. 118 (May 9, 2025). The Court agreed at that time to extend the stay, in part because the Court found that Plaintiffs were unlikely to be harmed by a stay because no activities would occur on the leases while they were suspended. Order Continuing the Stay of Proceedings at 10–11, ECF No. 123 (May 22, 2025). Interior has now taken final agency action regarding the decisions that supported the prior stay. Joint Status Report at 2; *see also* Order Continuing the Stay

Pls.' Resp. to Defs.' Joint Status Rep.
*Gwich'in Steering Comm. v. Burgum*, Case No. 3:20-cv-00204-SLG       Page 2

Case 3:20-cv-00204-SLG     Document 127     Filed 10/31/25     Page 2 of 6

of Proceedings at 11–12 (explaining that continuing the stay was justified until "the operative final agency action" took place and specifying that action to be a decision regarding the leases issued under the challenged 2020 decision). Specifically regarding AIDEA's leases, they are now "in active status" and, once bid monies and rentals are repaid, AIDEA can "proceed under the terms of the leases." Joint Status Report ex. 1 at 1, 5–6, ECF No. 126-1.

Instead of moving this case forward, Defendants ask the Court to extend the stay on account of the lapse in federal appropriations and seek to have the parties submit a status report no more than seven days after restoration of funding. *Id.* Plaintiffs do not agree to this proposal and provide an alternative proposal for this case. *See* Miscellaneous General Order 25-14 (Oct. 20, 2025).

While Plaintiffs are sensitive to the lapse in federal appropriations, Plaintiffs are deeply concerned that Interior officials continue to make decisions regarding the Coastal Plain Oil and Gas Leasing Program during this time. Indeed, Interior issued its new Record of Decision for the Leasing Program and lifted the suspension of AIDEA's leases notwithstanding the lapse in appropriations. Joint Status Report at 2. The lease suspension and inability for activities to move forward was central to the court's decision to extend the stay and to Plaintiffs' most recent agreement with that stay. Those facts have now shifted. Further, AIDEA is currently pursuing a contractor for seismic exploration on its now-active leases on an unclear timeframe. *See* AIDEA, Past

Pls.' Resp. to Defs.' Joint Status Rep.
*Gwich'in Steering Comm. v. Burgum*, Case No. 3:20-cv-00204-SLG          Page 3

Case 3:20-cv-00204-SLG     Document 127     Filed 10/31/25     Page 3 of 6

Solicitations, RFP# AIDEA26-004, available at

https://www.aideaaeaprocurement.org/Home/Past (seeking contractor for "[p]re-development permitting services for multi-year Seismic Program" and noting that the award is pending to ASRC Energy Services).

Given that the agency continues to work on the Coastal Plain Leasing Program during the lapse in appropriations, it is unclear why a stay based on the lapse in appropriations is warranted.[1] Interior has provided no assurances that it will pause its actions to advance oil and gas activities on the Coastal Plain during the government shut down. Additionally, the length of the stay is uncertain, as it is unknown when Congress will act to restore funding. *See Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (expressing disfavor for indefinite stays).

Taking these considerations into account, Plaintiffs propose a more limited stay, while otherwise establishing a timeline for moving this case forward. Specifically, Plaintiffs propose that this Court enter a short stay until November 14, 2025, to provide time for Congress to restore funding to the federal government. Plaintiffs further request

---

[1] Plaintiffs also note that Interior has issued a call for nominations for a lease sale in the National Petroleum Reserve-Alaska and issued several other major decisions since the lapse in appropriations — demonstrating that the agency is continuing to take actions to approve activities, despite the government shut down. Department of the Interior, Bureau of Land Management, Call for Nominations and Comments for the 2025 National Petroleum Reserve in Alaska Oil and Gas Lease Sale, 90 Fed. Reg. 48,446 (Oct. 22, 2025); Dep't of the Interior, Press Release: Interior Takes Bold Steps to Expand Energy, Local Control and Land Access in Alaska (Oct. 23, 2025), https://www.doi.gov/pressreleases/interior-takes-bold-steps-expand-energy-local-control-and-land-access-alaska.

Pls.' Resp. to Defs.' Joint Status Rep.
*Gwich'in Steering Comm. v. Burgum*, Case No. 3:20-cv-00204-SLG          Page 4

that this Court order the parties to submit a case management proposal by December 5, 2025, describing the effects of Interior's new decisions on this case and proposing next steps. This proposal better takes into account the parties' interests while allowing the case to proceed in an orderly manner. *See Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (setting out the factors for a court to consider when entering a stay, including the interests of the parties and the orderliness of proceedings).

Respectfully submitted this 31st day of October, 2025.

 s/ Brook Brisson
Brook Brisson (AK Bar No. 0905013)
Suzanne Bostrom (AK Bar No. 1011068)
Bridget Psarianos (AK Bar No. 1705025)
TRUSTEES FOR ALASKA

*Attorneys for Plaintiffs Gwich'in Steering Committee, Alaska Wilderness League, Alaska Wildlife Alliance, Canadian Parks & Wilderness Society-Yukon, Defenders of Wildlife, Environment America, Friends of Alaska National Wildlife Refuges, National Wildlife Federation, National Wildlife Refuge Association, Northern Alaska Environmental Center, Sierra Club, The Wilderness Society, and Wilderness Watch*

s/ Karimah Schoenhut (consent)

Karimah Schoenhut (*pro hac vice*)
SIERRA CLUB ENVIRONMENTAL LAW PROGRAM

*Attorney for Plaintiff Sierra Club*

Pls.' Resp. to Defs.' Joint Status Rep.
*Gwich'in Steering Comm. v. Burgum*, Case No. 3:20-cv-00204-SLG        Page 5

Case 3:20-cv-00204-SLG   Document 127   Filed 10/31/25   Page 5 of 6

## Certificate of Service

      I certify that on October 31, 2025, I caused a copy of PLAINTIFFS' RESPONSE TO FEDERAL DEFENDANTS' JOINT STATUS REPORT AND ALTERNATIVE PROPOSAL to be electronically filed with the Clerk of the Court for the U.S. District Court of Alaska using the CM/ECF system, which will send electronic notification of such filings to the attorneys of record in this case.

                                            s/ Brook Brisson
                                            Brook Brisson

Pls.' Resp. to Defs.' Joint Status Rep.
*Gwich'in Steering Comm. v. Burgum*, Case No. 3:20-cv-00204-SLG      Page 6

Case 3:20-cv-00204-SLG    Document 127    Filed 10/31/25    Page 6 of 6