Brook Brisson (AK Bar No. 0905013)
Suzanne Bostrom (AK Bar No. 1011068)
Bridget Psarianos (AK Bar No. 1705025)
TRUSTEES FOR ALASKA
121 Fireweed Lane, Suite 105
Anchorage, AK 99503
Phone: (907) 276-4244
Fax: (907) 276-7110
bbrisson@trustees.org
sbostrom@trustees.org
bpsarianos@trustees.org

*Attorneys for Plaintiffs Gwich'in Steering
Committee, Alaska Wilderness League, Alaska Wildlife Alliance,
Canadian Parks & Wilderness Society-Yukon,
Defenders of Wildlife, Environment America,
Friends of Alaska National Wildlife Refuges,
National Wildlife Federation, National
Wildlife Refuge Association, Northern
Alaska Environmental Center, Sierra Club,
The Wilderness Society, and Wilderness
Watch*

Karimah Schoenhut (*pro hac vice*)
SIERRA CLUB ENVIRONMENTAL LAW PROGRAM
50 F St., NW 8th Floor
Washington, DC 20001
Phone: (202) 548-4584
Fax: (202) 547-6009
karimah.schoenhut@sierraclub.org

*Attorney for Plaintiff Sierra Club*

# THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GWICH'IN STEERING COMMITTEE, *et al.*, | Case No. 3:20-cv-00204-SLG |

Pls.' Unopposed Mot. to Am. & Suppl. Compl.
*Gwich'in Steering Committee v. Burgum*, Case No. 3:20-cv-00204-SLG     Page 1

| | |
|---|---|
| Plaintiffs, | |
| v. | |
| DOUG BURGUM, *et al.*, | |
| Defendants, | |
| and | |
| NORTH SLOPE BOROUGH, *et al.*, | |
| Intervenor-Defendants. | |

**PLAINTIFFS' UNOPPOSED MOTION TO AMEND AND SUPPLEMENT FIRST AMENDED COMPLAINT**
**(F. Rule. Civ. P 15(a)(2) & (d))**

Pursuant to Federal Rule of Civil Procedure 15(a)(2) and (d), Plaintiffs Gwich'in Steering Committee, *et al.* (collectively "Plaintiffs") move the Court for leave to amend and supplement their First Amended Complaint (ECF No. 19) to revise their existing claims and allegations and add factual allegations and claims challenging Federal Defendants' recent decisions regarding the Coastal Plain Oil and Gas Leasing Program.[1]

Counsel for Plaintiffs conferred with counsel for the other parties regarding this motion. Counsel for Federal Defendants states that Federal Defendants "do not oppose, while reserving all claims and defenses, including those pertaining to jurisdiction,

---

[1] *See* Attached [Proposed] Second Am. & First Suppl. Compl. for Declaratory & Inj. Relief [hereinafter [Proposed] Second Am. & First Suppl. Compl.].

Pls.' Unopposed Mot. to Am. & Suppl. Compl.
*Gwich'in Steering Committee v. Burgum*, Case No. 3:20-cv-00204-SLG     Page 2

relating to the proffered amended and supplemental complaint." Counsel for Intervenor-Defendants the Alaska Industrial Development and Export Authority, the Alaska Oil and Gas Association and American Petroleum Institute, the State of Alaska, and the North Slope Borough, Native Village of Kaktovik, and Kaktovik Iñupiat Corporation state that those parties do not oppose this motion and preserve future claims and defenses regarding the complaint and response to the complaint.

PROCEDURAL HISTORY AND FACTUAL BACKGROUND

On August 17, 2020, the Secretary of the U.S. Department of the Interior (Secretary) signed the record of decision (ROD) for the Coastal Plain Oil and Gas Leasing Program (2020 Leasing Program).[2] In the ROD, the Secretary adopted Alternative B, the most impactful alternative considered in the 2019 final environmental impact statement (EIS).[3] This decision opened "the entire program area" to future oil and gas leasing, exploration, development, and transportation.[4]

Plaintiffs filed their original complaint in this case on August 24, 2020, alleging claims against the Secretary, the U.S. Department of the Interior (Interior), the U.S. Bureau of Land Management (BLM), and the U.S. Fish and Wildlife Service (FWS) (collectively "Federal Defendants").[5] Plaintiffs asserted claims under the Alaska National

---

[2] BUREAU OF LAND MGMT., U.S. DEP'T OF THE INTERIOR, COASTAL PLAIN OIL AND GAS LEASING PROGRAM RECORD OF DECISION (2020).
[3] *Id.* at 2–3.
[4] *Id.*
[5] *See generally* Compl. for Declaratory & Inj. Relief, ECF No. 1.

Pls.' Unopposed Mot. to Am. & Suppl. Compl.
*Gwich'in Steering Committee v. Burgum*, Case No. 3:20-cv-00204-SLG    Page 3

Interest Lands Conservation Act (ANILCA), Tax Cuts and Jobs Act (Tax Act), National Environmental Policy Act (NEPA), National Wildlife Refuge System Administration Act (Refuge Act), Wilderness Act, Endangered Species Act (ESA), and Administrative Procedure Act (APA).[6] Plaintiffs amended their complaint once to add additional claims against BLM under the ESA.[7]

In January 2021, BLM issued seven leases to the Alaska Industrial Development and Export Authority (AIDEA) pursuant to the challenged 2020 Leasing Program.[8]

Following a change in presidential administrations, Federal Defendants moved to stay the case in early 2021.[9] This case has been stayed since that time. In the intervening years, Federal Defendants have taken numerous actions regarding the Leasing Program. Most relevant to the present motion and Plaintiff's [Proposed] Second Amended and First Supplemental Complaint include: (1) BLM's issuance of the 2024 final supplemental environmental impact statement (2024 Final SEIS);[10] (2) FWS's September 2025

---

[6] *Id.* at 57–69.

[7] *See* First Am. Compl. for Declaratory & Inj. Relief at 70–73, ECF No. 19 [hereinafter First Am. Compl.]; *see also* J. Mot. to Extend Defs.' Time to File Answer & Stipulation to File Pls.' First Am. Compl., ECF No. 17.

[8] Interior suspended and later cancelled these leases. Letter from Laura Daniel Davis, Principal Deputy Assistant Sec'y, Land and Minerals Mgmt., Interior, to AIDEA, Decision: Suspension of Operations and Production (June 1, 2021). This Court held that the cancellation decision was unlawful. *Alaska Indus. Dev. & Export Auth. v. U.S. Dep't of the Interior*, No. 3:24-cv-00051, 2025 U.S. Dist. LEXIS 54565, at *11 (D. Alaska Mar. 25, 2025).

[9] Defs.' Unopposed Mot. to Stay Proceedings, ECF No. 74.

[10] Notice of Availability of the Final Coastal Plain Oil and Gas Leasing Program

cont…

Pls.' Unopposed Mot. to Am. & Suppl. Compl.
*Gwich'in Steering Committee v. Burgum*, Case No. 3:20-cv-00204-SLG    Page 4

Case 3:20-cv-00204-SLG    Document 134    Filed 01/13/26    Page 4 of 13

issuance of a new Biological Opinion (2025 BiOp) under the ESA;[11] (3) BLM's October 2025 issuance of a Determination of NEPA Adequacy (DNA);[12] (4) Interior's issuance of a new ROD on October 23, 2025 adopting Alternative B from the 2024 Final SEIS as the new Leasing Program (2025 Leasing Program);[13] and (5) Interior's October 24, 2025 decision lifting the suspension on AIDEA's seven leases on the Coastal Plain.[14]

Plaintiffs move to amend and supplement their First Amended Complaint to revise their existing claims and allegations and add allegations and claims challenging these new decisions, which are closely tied to the original decisions and matters at issue in this case.

## LEGAL STANDARDS

Motions considered under Civil Rule 15(a)(2) and 15(d) apply similar standards and are committed to the reviewing court's sound discretion.[15]

---

Supplemental Environmental Impact Statement, Alaska, 89 Fed. Reg. 88805 (Nov. 8, 2024).

[11] Memorandum from Holly Carroll, Acting Field Supervisor, N. Alaska Fish & Wildlife Off., FWS, to Deputy State Dir., BLM, Programmatic Biological Opinion for the Coastal Plain Oil and Gas Leasing Program in the Arctic National Wildlife Refuge (Sept. 23, 2025). This decision, as well as the DNA and ROD, *infra* notes 12 & 13, are available on BLM's ePlanning site: https://eplanning.blm.gov/eplanning-ui/project/2038038/570.

[12] BLM, INTERIOR, DETERMINATION OF NEPA ADEQUACY (2025).

[13] BLM, INTERIOR, COASTAL PLAIN OIL AND GAS LEASING PROGRAM, RECORD OF DECISION (2025) [hereinafter 2025 ROD].

[14] Letter from Katharine MacGregor, Deputy Sec'y, Interior, to AIDEA, Decision: 2021 Suspension of Operations and Production (Oct. 24, 2025), ECF No. 126-1 [hereinafter 2025 Suspension Decision]. As the Deputy Secretary explained in her decision, she reviewed the 2019 EIS and 2024 final SEIS and determined that the leases issued under the 2020 ROD were consistent with the 2025 ROD. *Id.* at 1, 5.

[15] *See WildEarth Guardians v. Kempthorne*, 592 F. Supp. 2d 18, 23 (D.D.C. 2008).

Pls.' Unopposed Mot. to Am. & Suppl. Compl.
*Gwich'in Steering Committee v. Burgum*, Case No. 3:20-cv-00204-SLG       Page 5

Case 3:20-cv-00204-SLG   Document 134   Filed 01/13/26   Page 5 of 13

Civil Rule 15(a)(2) allows a plaintiff to amend its pleading with consent of the opposing party or leave of the court.[16] The rule states that "[t]he court should freely give leave when justice so requires."[17] This Court has recognized that the Ninth Circuit Court of Appeals has directed that "this policy should be applied with extreme liberality."[18] In considering whether to grant a motion to amend, the court considers five factors: "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint."[19] Prejudice to the opposing parties "carries the greatest weight"; if there is no prejudice, the presumption is in favor of allowing amendment.[20]

Civil Rule 15(d), which allows for supplementation, is intended to "promote as complete an adjudication of the dispute between the parties as is possible."[21] Civil Rule 15(d) allows a plaintiff "to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."[22] Courts have "broad discretion" in ruling on Rule 15(d) motions to promote judicial

---

[16] FED. R. CIV. P. 15(a)(2).
[17] *Id.*
[18] *N. Dynasty Mins. Ltd. v. U.S. EPA*, No. 3:24-cv-00059, 2024 U.S. Dist. LEXIS 146059, at *9 (D. Alaska Aug. 15, 2024) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)).
[19] *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).
[20] *Eminence Cap. LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).
[21] 6A WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 1504 (3d. ed. 2025).
[22] FED. R. CIV. P. 15(d); *see also United States v. Hicks*, 283 F.3d 380, 386 (D.C. Cir. 2002) ("Rule 15(d) is used . . . to put forward new claims or defenses based on events that took place after the original complaint or answer was filed.").

Pls.' Unopposed Mot. to Am. & Suppl. Compl.
*Gwich'in Steering Committee v. Burgum*, Case No. 3:20-cv-00204-SLG     Page 6

Case 3:20-cv-00204-SLG     Document 134     Filed 01/13/26     Page 6 of 13

efficiency, and granting leave to supplement is "favored."[23] In considering a motion to supplement, courts assess whether "some relationship" exists "between the newly alleged matters and the subject of the original action."[24] Where some relationship exists, courts focus on judicial efficiency and whether complete relief may be awarded in one action.[25] Leave to supplement should be granted where a plaintiff seeks to include allegations that "arise from the same concern" as the original complaint and involve the same program, agency, legal claims, and plaintiffs as the original complaint.[26] This is especially true where judicial efficiency would be served due to the Court's familiarity with agency actions that are common to both the existing and proposed supplemental claims.[27] Leave to supplement should be granted unless undue prejudice would result.[28] Courts also consider undue delay or bad faith when assessing motions to supplement.[29]

---

[23] *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988).
[24] *Id.* at 474.
[25] *Id.*
[26] *Cota v. Maxwell-Jolly*, No. C 09-3798, 2011 U.S. Dist. LEXIS 59677, at *14 (N.D. Cal. June 2, 2011); *see also San Luis & Delta-Mendota Water Auth. v. U.S. Dep't of Interior*, 236 F.R.D. 491, 499 (E.D. Cal. 2006) (granting leave to supplement complaint where new claims concerned interpretation of the same statute and involved the same plaintiffs).
[27] *See Cota*, 2011 U.S. Dist. LEXIS 59677, at *14–15 (considering the court's experience with the challenged program in allowing supplementation); *see also San Luis*, 236 F.R.D. at 499 ("The district court has developed extensive knowledge of the relevant law, background, and scientific considerations . . . . Retaining the new claims as part of the existing case serves the interests of judicial economy.").
[28] *Volpe*, 858 F.2d at 475.
[29] *Cato v. Alcala*, No. 1:18-cv-00996-AWI, 2019 U.S. Dist. LEXIS 28679, *2–5 (E.D. Cal. Feb. 21, 2019).

Pls.' Unopposed Mot. to Am. & Suppl. Compl.
*Gwich'in Steering Committee v. Burgum*, Case No. 3:20-cv-00204-SLG     Page 7

Case 3:20-cv-00204-SLG     Document 134     Filed 01/13/26     Page 7 of 13

ARGUMENT

Plaintiffs meet the standards under Civil Rule 15(a)(2) and 15(d) because: (1) there is a strong relationship between the original allegations and claims at issue in this lawsuit and the proposed amended and supplemental allegations and claims, (2) amendment and supplementation serves judicial efficiency and would not cause delay, (3) no party would be prejudiced by allowing amendment and supplementation, and (4) Plaintiffs are not acting in bad faith in seeking to amend and supplement their complaint.

First, amendment and supplementation are appropriate because Plaintiffs' updated allegations and claims are the same or closely relate to the allegations and claims originally pleaded in this litigation. This lawsuit challenges actions by the Secretary, Interior, BLM, and FWS to adopt the 2020 Leasing Program.[30] Plaintiffs now seek to amend and supplement their complaint to incorporate allegations and related claims challenging the new decisions issued by the Secretary, Interior, BLM, and FWS to adopt the 2025 Leasing Program while maintaining claims against actions taken under the 2020 Leasing Program.[31] Plaintiffs seek vacatur of AIDEA's leases, which were issued pursuant to the 2020 Leasing Program challenged in this litigation.[32] Relatedly, the new decisions rely on many of the same agency documents that Plaintiffs originally

---

[30] *See* First Am. Compl. at 3–5.
[31] *See* [Proposed] Second Am. & First Suppl. Compl. at 3–6.
[32] *Compare* First Am. Compl. at 73–74 (requesting the Court declare the 2020 Leasing Program cannot serve as the basis for issuing leases and seeking vacatur of any leases) *with* [Proposed] Second Am. & First Suppl. Compl. at 72–73 (same).

Pls.' Unopposed Mot. to Am. & Suppl. Compl.
*Gwich'in Steering Committee v. Burgum*, Case No. 3:20-cv-00204-SLG     Page 8

challenged. For example, BLM explains in its recent DNA that the 2019 final EIS and 2024 final SEIS were sufficient under NEPA to allow the Secretary to adopt a new alternative.[33] Both of those EISs also provided the basis for Interior's decision to reaffirm and unsuspend AIDEA's leases.[34] Finally, Plaintiffs allege legal violations relating to the 2025 Leasing Program that are the same or very similar to those asserted in connection with the 2020 Leasing Program.[35] As the Secretary explained in the 2025 Leasing Program, Alternative B from the 2024 Final SEIS is substantially the same as the alternative adopted in the 2020 Leasing Program.[36]

Second, as compared to filing a new lawsuit, amendment and supplementation will serve the interest of judicial economy and avoid further undue delay. Plaintiffs' proposed amended and supplemental claims concern the same agencies, same plaintiffs, related legal claims, and the same or similar relief as the original complaint.[37] The addition of allegations regarding the Federal Defendants' recent actions would place all the claims related to the Federal Defendants' approvals of the Leasing Programs and AIDEA's leases before the Court and allow for the Court to address the entire controversy between the parties. Additionally, this Court has become familiar with the facts and legal issues in

---

[33] BLM, INTERIOR, DETERMINATION OF NEPA ADEQUACY at 9 (2025).
[34] 2025 Suspension Decision at 1, 5.
[35] *Compare* First Am. Compl. at 58–70, *with* [Proposed] Second Am. & First Suppl. Compl. at 60–72 (both cases raising claims under ANILCA, NEPA, Refuge Act, Wilderness Act, Tax Act, and ESA).
[36] 2025 ROD at 13–14.
[37] *See supra* notes 32 & 35 and accompanying text.

Pls.' Unopposed Mot. to Am. & Suppl. Compl.
*Gwich'in Steering Committee v. Burgum*, Case No. 3:20-cv-00204-SLG     Page 9

this case over the five-plus years the case has been pending and has ruled on both substantive and procedural motions.[38] The parties have agreed to a case management schedule that provides for amendment and supplementation while allowing a briefing schedule to be proposed in late April — meaning, amendment and supplementation will not cause delay.[39]

Third, amending and supplementing the Complaint would not prejudice any party. The proposed amended and supplemental allegations and claims are closely related to the original claims in this case.[40] All parties have had sufficient notice of those claims and have been apprised of the various decisions concerning the Leasing Program over the years.[41] Additionally, allowing amendment and supplementation, instead of requiring Plaintiffs to file a new lawsuit to separately challenge the new decisions, would save Intervenor-Defendants the time and resources of moving to intervene anew.

Fourth and finally, there has been no delay or bad faith by Plaintiffs in seeking to amend and supplement the complaint now. The Secretary adopted the 2025 Leasing Program, and Interior affirmed and unsuspended AIDEA's leases, in late October 2025.

---

[38] *See, e.g.*, Order Continuing the Stay of Proceedings, ECF No. 123; Order Denying Mot. for Prelim. Inj., ECF No. 69.
[39] Order Re J. Status Rep. & Proposed Case Mgmt. Schedule at 1–2, ECF No. 133.
[40] *See supra* note 35 and accompanying text.
[41] *See, e.g.*, J. Status Rep., ECF No. 114 (advising the Court and the parties of a recent Secretarial Order); Defs.' Status Rep. on Issuance of Final Suppl. Env't Impact Statement, ECF No. 104 (advising the Court and parties of issuance of the final SEIS, which is the basis for the Secretary's and Deputy Secretary's October 2025 decisions).

Pls.' Unopposed Mot. to Am. & Suppl. Compl.
*Gwich'in Steering Committee v. Burgum*, Case No. 3:20-cv-00204-SLG  Page 10

Since that time, Plaintiffs have worked diligently to review the decisions, amend and supplement their complaint, and confer with counsel on the next steps in this case. Plaintiffs and Federal Defendants proposed a joint case schedule that accounts for amendment and supplementation based on "the parties' mutual interest in resolving challenges to the 2025 [record of decision] and related lease decision."[42]

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' motion to amend and supplement their complaint.

Plaintiffs have not included a track-changes version of their [Proposed] Second Amended and First Supplemental Complaint for Declaratory and Injunctive Relief and seek leave not to adhere to that requirement for amended complaints.[43] Given the significant revisions, Plaintiffs believe that such a document would not be helpful to the Court's or any party's review of the proposed complaint, as the document would be lengthy and cluttered with revisions.

Respectfully submitted, this 13th day of January, 2026.

 s/ Brook Brisson
Brook Brisson (AK Bar No. 0905013)
Suzanne Bostrom (AK Bar No. 1011068)
Bridget Psarianos (AK Bar No. 1705025)
TRUSTEES FOR ALASKA

*Attorneys for Plaintiffs Gwich'in Steering*

---

[42] Pls.' & Fed. Defs.' J. Status Rep. & Proposed Case Mgmt. Schedule at 3, ECF No. 132.
[43] *See* D. ALASKA CIV. R. 15.1(a).

Pls.' Unopposed Mot. to Am. & Suppl. Compl.
*Gwich'in Steering Committee v. Burgum*, Case No. 3:20-cv-00204-SLG     Page 11

*Committee, Alaska Wilderness League, Alaska Wildlife Alliance, Canadian Parks & Wilderness Society-Yukon, Defenders of Wildlife, Environment America, Friends of Alaska National Wildlife Refuges, National Wildlife Federation, National Wildlife Refuge Association, Northern Alaska Environmental Center, Sierra Club, The Wilderness Society, and Wilderness Watch*

s/ Karimah Schoenhut (consent)

Karimah Schoenhut (*pro hac vice*)
SIERRA CLUB ENVIRONMENTAL LAW PROGRAM

*Attorney for Plaintiff Sierra Club*

Pls.' Unopposed Mot. to Am. & Suppl. Compl.
*Gwich'in Steering Committee v. Burgum*, Case No. 3:20-cv-00204-SLG    Page 12

Case 3:20-cv-00204-SLG    Document 134    Filed 01/13/26    Page 12 of 13

## Certificate of Service

      I certify that on January 13, 2026, I caused a copy of the PLAINTIFFS' UNOPPOSED MOTION TO AMEND AND SUPPLMENT FIRST AMENDED COMPLAINT, [PROPOSED] SECOND AMENDED AND FIRST SUPPLEMENTAL COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, and [PROPOSED] ORDER, to be electronically filed with the Clerk of the Court for the U.S. District Court of Alaska using the CM/ECF system, which will send electronic notification of such filings to the attorneys of record in this case.

                                                  s/ Brook Brisson
                                                  Brook Brisson

Pls.' Unopposed Mot. to Am. & Suppl. Compl.
*Gwich'in Steering Committee v. Burgum*, Case No. 3:20-cv-00204-SLG    Page 13

Case 3:20-cv-00204-SLG    Document 134    Filed 01/13/26    Page 13 of 13